158

## UNITED STATES v. AMERICAN OPTICAL CO. et al.

### Civ. 10–391.

District Court, S. D. New York.
Oct. 9, 1945.

See also 2 F.R.D. 534.

Irving B. Glickfeld, of New York City, for plaintiff.

Root, Clark, Buckner & Ballantine, of New York City, for defendant, American Optical Co.

Lum, Fairlie & Wachenfeld, of Newark, N. J., for defendant, New Jersey Optical Co.

HULBERT, District Judge.

The motion is by the defendant, New Jersey Optical Co., (hereinafter referred to as N.J.O.C.) for permission to amend its answer to include cross-claim against the defendant American Optical Company (hereinafter referred to as A.O.C.) under the provisions of Rule 13(g), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The action was commenced in this court Sept. 16, 1940 under the Sherman Act, Sec. 4 of the Act of Congress of July 2, 1890, c. 647, 26 Stat. 209, as amended, 15 U.S.C.A. § 4, and the Clayton Act, Sec. 15 of the Act of Congress of Oct. 15, 1914, c. 323, 38 Stat. 730, as amended, 15 U.S.C.A. § 25, to prevent alleged violations by the defendants of said Acts.

There are 23 corporate and 60 individual defendants for whom 15 law firms have entered appearances.

The issues came on for trial by our late colleague, Judge Woolsey, on Nov. 12, 1941, and continued for approximately six months. Forty one witnesses were examined, nearly 10,000 pages of testimony were taken and transcribed, and about 2,400 exhibits were introduced in evidence. The parties stipulated that upon resumption of the trial the existing record may stand, in view of the unavailability of the Judge before whom the trial was undertaken.

On the first phase of the case—the alleged price-fixing combination relating to spectacle frames—it appears that the Government has substantially completed the presentation of its evidence and was in the midst of the second phase—alleged monopolization or attempt at monopoly in the wholesale distribution of Ophthalmic goods (in which A.O.C. asserts N.J.O.C. was not concerned) when the trial was suspended at the request of the War and Navy Departments.

The issue, as between the defendants A.O.C. and N.J.O.C. under the present pleadings, is predicated upon patents or patent rights of A.O.C. under which N.J. O.C. has licenses. The latter contends these patents are invalid but that it was compelled to accept such licenses and operate under them in order to remain in business.

Meanwhile, A.O.C. sued N.J.O.C. in the Municipal Court of Boston, Mass., for royalties. On application of N.J.O.C. this suit was removed to the United States District Court for the District of Massachusetts. N.J.O.C. then interposed a counterclaim challenging the validity of A.O.C.'s patents and patent rights.

The trial of that case has also been deferred due to the existing War conditions until at least December, 1945.

Defendant N.J.O.C. now moves to amend its answer in this action to include a cross-claim for the same relief which it set up in the Massachusetts cause. A.O.C. opposes on three grounds:

1. That the subject matter of the proposed cross-claim is already involved in another pending action.

2. That the motion is not timely.

3. That the filing of the cross-claim would unnecessarily complicate the defense of this action.

Of course this motion is addressed to the sound discretion of the court.

Defendant might have asserted its cross-claim in its original answer or have applied to the court at any time thereafter as it has, in fact, done. Leave to amend pleadings shall be freely given when justice so requires. But, it is apparent that N.J.O.C. never determined to set up its cross-claim until after suit was brought by the A.O.C. in Boston, and the N.J.O.C. removed that case, as it had a right to do, to the United States District Court for the District of Massachusetts, so that it could set up that cause of action against the suit for money damages for royalties. It made its choice. Now, without any suggestion of discontinuing its counterclaim in the Massachusetts action it would have this court grant an amendment for the same relief here. Such a course appears to be prejudicial to the A.O.C. because if the N.J.O.C. prefers to litigate its cross-claim here, then the A.O.C. should have the opportunity to proceed upon its cause of action for royalties in Massachusetts without the compulsion of litigating there the cross-claim of the N.J.O.C., if allowed to be pleaded here, since the court in Massachusetts has indicated that its disposition in the trial of the Massachusetts case is dependent on the resumption of the pending trial here.

The court feels there is merit in the three objections made by A.O.C. which outweigh the exercise by this court of its discretionary power to allow the amendment and the motion is, therefore, denied. Settle order on notice. (See, Cresta Blanca Wine Co. v. Eastern Wine Corp., 2 Cir., 143 F.2d 1012; Dwinell-Wright Co. v. National Fruit Products Co., 1 Cir., 129 F.2d 848.