**FLINTKOTE COMPANY, Plaintiff,**

v.

**Juda DIENER and Fiberdyne Corporation formerly known as Insuldyne Corp. of Puerto Rico, Defendants.**

Civ. No. 32–59.

United States District Court
D. Puerto Rico,
San Juan Division.

Aug. 10, 1960.

McConnell, Valdes & Kelley, San Juan, P. R., for plaintiff.

Baker & Woods, Santurce, P. R., Roberto J. Matos, San Juan, P. R., for defendants.

RUIZ-NAZARIO, District Judge.

The plaintiff in this action has filed a "Motion for Leave to File Amended Complaint and for Transfer of Cause", which in addition to the matters stated in the title of its motion, requests a consolidation before transfer, and after

amendment of the complaint, of this action with Civil No. 44–60. Civil No. 44–60, entitled The Flintkote Company vs. Juda Diener, Leonard Diener, F. K. Insulrock Corporation, Insulrock Corporation of Virginia (Inc.), Adele Realty Corp., Smith & Kanzler Company, is in exactly the same terms and prays the same relief against Juda Diener, as the proposed amended complaint, the only difference being minor changes as to number, date, title and the addition of new defendants as to whom the writ of summons was returned unexecuted. The amended complaint proposed by plaintiff, therefore, tenders to the court the same cause of action, respecting the only defendant before the Court, as was tendered in Civil No. 44–60, which was the complaint filed by plaintiff after the filing of the original complaint in this action. Plaintiff, therefore, after serving defendant Juda Diener in this jurisdiction, requests leave to file an amended complaint which is exactly the same as another complaint in a new action instituted by it requesting the same relief, and further moves that these identical actions be consolidated and transferred to the District of New Jersey.

Defendants Juda Diener and Fiberdyne Corporation moved the court for leave to file an amended answer and counterclaim in this action, on 5 February 1960, before plaintiff (on 19 February 1960) filed its motion to amend the complaint and for transfer of the action. Civil Action No. 44–60, this action's identical twin, was also filed on 19 February 1960.

■ Subdivision (a) of Rule 15, Federal Rules of Civil Procedure, 28 U.S.C.A., states that leave to amend " * * * shall be freely given when justice so requires". Amendments to pleadings should be liberally allowed where no prejudice results. Blair v. United States for Use and Benefit of Gregory Hogan, 8 Cir., 147 F.2d 840; McDowall v. Orr Felt & Blanket Co., 6 Cir., 146 F.2d 136, and the courts, as stated in Copeland Motor Co. v. General Motors Corp., 5 Cir., 199 F.2d 566, 568 have given Rule 15 "not lip service * * * but full fealty". Also both the proposed amended complaint and the original complaint relate to the same general conduct, transaction and occurrences, see Tiller v. Atlantic Coast Line, 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465, but in this case, as the proposed amended complaint in identical form and with the same relief requested has been filed by plaintiff in a separate action, No. 44–60, *justice does not require that leave to amend be granted*. Rule 15, subdivision (a). Leave to amend the complaint is therefore denied. Leave to file an amended answer and counterclaim, on the other hand, is hereby granted under Rule 15(a). As the claim stated in No. 44–60 arises from the same general conduct, transaction, and occurrences as this action, they obviously involve common questions of law and fact; and it is therefore ordered, that they be, and they hereby are, consolidated for joint hearing and trial of all the matters in issue in the actions, as requested by the plaintiff pursuant to Rule 42(a).

■ Plaintiffs have moved the court to order the transfer of this action to the District of New Jersey. Section 1391, Title 28, states as follows:

"(b) A civil action wherein jurisdiction is not founded solely on diversity may be brought only in the judicial district where all the defendants reside, except as otherwise provided by law.[1]

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

At the time this action was instituted, the only venue of the action was the district of Puerto Rico. Defendant Diener was a resident of Puerto Rico, and Fiberdyne Corporation, formerly known as In-

[1]. Jurisdiction is bottomed here both on diversity and a law of the United States: 15 U.S.C.A. § 1051 et seq.

suldyne Corp. of Puerto Rico was also a resident of Puerto Rico. It has not been shown to the Court that it was doing business, or was licensed to do business, in New Jersey. Therefore the action could not have been brought in New Jersey. It follows that the court is without power to transfer the action, even though it were inclined to do so, in the face of the fact that the motion is made by plaintiff rather than defendants, who are satisfied with plaintiff's own original choice of forum. Motoshaver, Inc. v. Schick Dry Shaver, 9 Cir., 100 F.2d 236; Hoffman v. Blaski et al. (Sullivan v. Behimer et al.), 1960, 80 S.Ct. 1084. The motion to transfer the action is therefore denied.