Robert C. PERRY

v.

Irving SNYDER, individually and trading as Snyder Doors

and

Irv Snyder Doors, Inc.

and

Irv Snyder Sales, Inc.

Civ. A. No. 29631.

United States District Court
E. D. Pennsylvania.

Sept. 30, 1963.

---

1. 3 Moore's Federal Practice, 16.11, p. 1115 (2 ed. 1948).

**362**

Leonard B. Gordon, Philadelphia, Pa., for plaintiff.

Weissman & Kozart, by Harry R. Kozart, Philadelphia, Pa., for defendant.

WOOD, District Judge.

This is a motion to dismiss the plaintiff's amended complaint which admittedly was filed without leave of Court on July 3, 1961. The amended complaint was identical in form to the original complaint filed on May 17, 1961, except that it joined two corporate defendants. Also, the *individual* defendant had filed his answer to the original complaint *before* the amended complaint was filed. An additional omission occurred when this amended complaint was never served until April 23, 1963.

Fed.R.Civ.P. 15(a) states in pertinent part as follows:

"(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has *not* been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading[s] *only* by leave of court or by written consent of the adverse party; and leave shall freely be given when justice so requires." (Emphasis supplied)

It is apparent that this amended complaint was filed solely to add the corporate parties to this action. Fed.R.Civ.P. 21 [1] regulates the procedure for adding new parties to an action and this can only .be accomplished upon *motion* by any party and *order of the Court* or on the Court's own initiative.

Therefore, the plaintiff's amended complaint, which was filed *as of course*, is ineffective to join the corporate defendants and is in violation of Rule 21. Mitchell v. Carborundum Co., et al., 7 F.R.D. 523 (W.D.N.Y.1947), 3 Moore's Federal Practice, 15.08, p. 827 (2 ed. 1948).

While we are reluctant to take such drastic action we note that the plaintiff has permitted two years to elapse since this attempted joinder was filed without the slightest attempt to remedy this obvious infraction of the procedural rules. We cannot countenance such indifference and the motion is granted.

---

1. Fed.R.Civ.P. 21. *Misjoinder and Non-Joinder of Parties*:

"* * * Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. * * *" 28 U.S. C.A.