Simon **KAMINSKY**, Plaintiff,

v.

Benjamin **ABRAMS**, Max Abrams, Stanley L. Abrams, Joseph T. Dineen, Dorman D. Israel, Simon H. Rifkind, Percy West, Mary Abrams and Emerson Radio & Phonograph Corporation, Defendants.

No. 66 Civ. 221.

United States District Court
S. D. New York.

July 1, 1966.

Abraham I. Markowitz, New York City, for plaintiff.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for Benjamin and Stanley L. Abrams and Joseph T. Dineen.

Sullivan & Cromwell, New York City, for Emerson Radio & Phonograph Corp.

## MEMORANDUM

TENNEY, District Judge.

Plaintiff seeks an order granting leave to join additional parties defendant in the action, which action he proposes to amend by an amended complaint attached to his moving papers herein.

Although plaintiff moves pursuant to Rule 20(a) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules"), it seems clear that the proper procedure is to move under Rule 21, and the Court will consider the motion as having been made under the latter Rule.

The action is a derivative action brought by plaintiff, a stockholder of Emerson Radio & Phonograph Company (hereinafter referred to as "Emerson"). The present complaint involves violations of the Securities Act of 1933 and the Securities Exchange Act of 1934, caused by the individual defendants who were directors of Emerson.

The violations involved an agreement entered into between Emerson and Louis Abrams, now deceased. The agreement provided for the payment to Louis Abrams of a pension upon retirement, or, in the event of his death, reasonable death benefits to his family. After the death of Louis Abrams in October of 1963, the Board of Directors of Emerson adopted a resolution whereunder Emerson would pay to his widow the sum of $10,000 per year for ten years or for her life, whichever was the shorter period.

It is claimed that failure to report to the stockholders of Emerson, the Securities and Exchange Commission and to the public any information with respect to said agreement violated the aforementioned Securities and Exchange Acts, and the complaint seeks to void the agreement and enjoin further violations

and further payments to the widow and to recover payments already made.

Plaintiff, as already noted, has prepared the amended complaint annexed to his moving papers. The first count of this reasserts the claim in the original complaint, and the second count alleges a claim for "short swing" profits realized by five officers and/or directors of Emerson in violation of Section 16(b) of the Securities Act of 1934.

With respect to the first count, plaintiff seeks to join four additional defendants who were directors of Emerson at the time when the action was commenced. The remaining parties defendant to be added or joined are the five individuals hereinbefore referred to, alleged to have realized "short swing" profits.

Subsequent to the institution of the present action Emerson was merged into National Union Electric Corporation on May 31, 1966.

It has been held that the specific provisions of Rule 21 govern over the general provisions of Rule 15, and that an amendment changing parties requires leave of Court even though made at a time when under Rule 15 amendment may be made as of course. Mitchell v. Carborundum Co., 7 F.R.D. 523 (W.D. N.Y.1947); National Maritime Union of America v. Curran, 87 F.Supp. 423 (S.D. N.Y.1949); Pacific Gas & Elec. Co. v. Fibreboard Prod., Inc., 116 F.Supp. 377, 382–383 (N.D.Cal.1953); International Bhd. of Teamsters, etc. v. AFL–CIO, 32 F.R.D. 441, 442 (E.D.Mich.1965); Perry v. Snyder, 33 F.R.D. 361, 362 (E.D. Pa.1963). Such holdings have been questioned in view of the fact that "[t]he whole notion of allowing amendments as of course is that at such an early stage in the case the court should not be bothered with passing on amendments and the other party will not be harmed by a change in the pleadings. These considerations seem as applicable to a change in parties as to any other changes made by an amended pleading",

1A Barron & Holtzoff, Federal Pract. & Proced. § 443 (Supp.1965). In fact, the amendment to Rule 15(c) refers to the relation back of "[a]n amendment changing the party against whom a claim is asserted" inferring that such a change could be effected under 15(a). (See ibid.)

In any event, the liberal standards upon which amendments are to be granted when leave of the Court is required under Rule 15(a) should guide the Court on motions to add parties under Rule 21. Accordingly, it is helpful, although not determinative, to consider whether an amendment of the complaint herein, not of course but by leave of the Court under Rule 15(a), should be granted. As stated by the Supreme Court in Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962):

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶¶ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsist-

ent with the spirit of the Federal Rules."

■ Insofar as the motion to add parties defendant relates to the cause of action set forth in the original complaint as amended by the proposed amended complaint, and seeks to add the directors of Emerson who assumed office after the allegedly illegal resolution was adopted,[1] it is not possible to say that no cause of action exists against said directors if the allegedly illegal payments continued after they were in office. Palmer v. Morris, 316 F.2d 649, 650 (5th Cir. 1963). Defendants' argument that plaintiff's purpose is to bolster his assertion that demand under Rule 23(b) would be futile has little merit in law, since it would be the conditions existing prior to and not after the commencement of the action that would be relevant as to the necessity for such demand. Sufficient has not been shown to incline the Court to rule unfavorably on the proposed amendment to the complaint. Defendants have not made out a sufficient showing of prejudice by such amendment and addition of parties, whereas the addition of such new defendants (who may be jointly and severally liable) could well avoid a multiplicity of suits. Helene Curtis Indus., Inc. v. Sales Affiliates, Inc., 105 F.Supp. 886 (S.D.N.Y), aff'd, 199 F.2d 732 (2d Cir. 1952) (Per curiam).

■ Insofar as the motion to add parties defendant relates to the new cause of action set forth in the proposed amended complaint, defendants alleged that of the five proposed defendants in that new cause of action, only one is now named as a party in the original or first cause of action and the proposed new claim against each of these proposed defendants is different from the proposed claim against each other defendant. Considering first the proposed amendment to the complaint by the addition of the second cause of action, there would not appear to be an improper joinder of claims and remedies under Rule 18 as amended, even though this is a multi-party suit.

Insofar as Stanley L. Abrams is concerned, he is presently a defendant under the first cause of action and the claim against him under the proposed second cause of action is clearly maintainable under Rule 18 as amended even though it does not relate in any way to the other defendants named in said first cause of action. However, may plaintiff as to such proposed second cause of action add the four proposed new defendants[2] not presently opposing parties against whom a claim might be asserted under Rule 18? It is interesting to note that Rule 18(a) as amended as of this date no longer provides when there are multiple parties that the requirements of Rules 19, 20 and 22 must be satisfied. In other words, it no longer appears that the right to relief asserted against defendants must be with respect to or arise out of "the same transaction, occurrence, or series of transactions, or occurrences."

Were plaintiff to institute a separate suit on the proposed second cause of action it is clear that he could join the four proposed new defendants even under former Rule 18. Having the right as indicated above to institute the second cause of action against defendant Stanley L. Abrams, to require plaintiff to institute a separate action against the remaining four proposed defendants would merely result in a multiplicity of litigation. Furthermore, were plaintiff permitted to add such additional parties, a similar derivative action asserting the same claims against the same said defendants, namely, Schulman v. Abrams, et al., File No. 66 Civ. 1193, commenced on or about April 26, 1966, could be consolidated with the present action pursuant to Rule 42(a). Flintkote Com-

1. Messrs. Dean, Feldman, Guda, and McKee.

2. Messrs. Fred Abras, Kattan, Richmond and Vogel.

pany v. Diener, 185 F.Supp. 509, 510 (D.P.R.1960). Again defendants have failed to make a sufficient showing of prejudice, whereas by permitting the joinder of the claim set forth in the proposed amended complaint and the addition of the said new parties defendant a multiplicity of litigation may be avoided.

What defendants overlook is that Rule 18(a) as amended deals only with pleading. Inconvenience to the parties cannot result from the joinder of any two or more matters in the pleadings, but only from trying two or more matters together which have little or nothing in common. Accordingly, the Court is provided with sufficient power to direct an appropriate procedure for trying the claims. See, e. g., Rule 42(b), 20(b) and 21.

Finally, defendants urge as to both causes of action set forth in the proposed amended complaint that there has been an insufficient showing by plaintiff to relieve him of the requirements of Rule 23. However, the allegations set forth in the original complaint (¶¶ 23, 24) and in the proposed amended complaint (¶¶ 26, 27, 29) are sufficient if proven to be true. It is not the function of this Court on the within motion to pass on the merits of the controversy. Nor is the granting of such a motion a bar to appropriate attack on such amended pleadings.

One further matter, not raised by the parties hereto, should be noted. Apparently since the commencement of this action defendant Emerson has been merged into National Union Electric Company, not a named defendant herein. In the absence of further information as to such merger and plaintiff's relation to the merged company, I make no determination whether plaintiff has lost the capacity to maintain a derivative action for diversion of assets of the merged corporation. Niesz v. Gorsuch, 295 F.2d 909 (9th Cir. 1961); De Pinto v. Provident Security Life Ins. Co., 323

F.2d 826 (9th Cir. 1963), cert. denied, 376 U.S. 950, 84 S.Ct. 969, 11 L.Ed.2d 970 (1964).

Plaintiff's motion to add parties defendant and to amend his complaint as proposed is hereby granted. A supplemental summons will be issued.

It is so ordered.