**FORBES & WALLACE, INC. and First Hartford Corporation, Plaintiffs,**

v.

**The CHASE MANHATTAN BANK (National Association), Defendant.**

**No. 77 Civ. 1522.**

United States District Court,
S. D. New York.

June 28, 1978.

---

Robert L. Ellis, New York City, for plaintiffs.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for defendant.

GRIESA, District Judge.

This is a diversity action which was transferred to this Court from the United States District Court for the District of Massachusetts. In their complaint, plaintiffs First Hartford Corp. ("Hartford") and its wholly owned subsidiary, Forbes & Wallace, Inc. ("Forbes"), seek a declaratory judgment concerning the terms of a note of Forbes payable to defendant Chase Manhattan Bank (N.A.) ("Chase"), and of two guarantees executed by Hartford in connection with the note. Chase has counterclaimed on the note and guarantees.

Plaintiffs now move pursuant to Fed.R. Civ.P. 15(a) to file an amended complaint, modifying the jurisdictional allegations to reflect the transfer to this Court, and asserting four additional causes of action.

The following summary of the complaint and the proposed additional counts assumes, for purposes of exposition, the truth of plaintiffs' factual assertions.

The original complaint, which will become Count I of the proposed complaint, concerns a $2,800,000 loan by Chase to Forbes for the construction of a building in Springfield, Massachusetts, to be owned by JMB Income Properties Ltd. —1973 ("JMB"), and leased by Forbes. In connection with this loan ("the Massachusetts loan"), Forbes executed a note on August 21, 1974. The note, payable April 1, 2000, was secured by a guarantee on the part of Hartford ("the payment guarantee") and by a mortgage on the subject property. On the same date, Hartford delivered to Chase a letter which guaranteed payment of the entire note by April 1, 1975 ("the prepayment guarantee"). Plaintiffs allege that the prepayment guarantee was conditional upon Forbes's obtaining permanent third-party refinancing of the note before April 1, 1975. In April 1975, the parties reached some agreement in compromise of the prepayment guarantee. This agreement, the terms of which are not described in the complaint, was embodied in a letter from Hartford to Chase dated April 14, 1975. Although Chase did not execute this agreement, it complied with it until October 7, 1976, when it demanded full payment of the principal of the note and accrued interest. In this count, plaintiffs seek a declaratory judgment that the maturity of the Massachusetts loan, notwithstanding the prepayment guarantee, is April 1, 2000.

Count II of the proposed complaint seeks at least $5 million in damages, apparently in contract or tort. Plaintiffs state that Hartford, Forbes, and First Hartford Realty Corp. ("Realty"), another wholly owned subsidiary of Hartford, have intimate financial interrelationships, and were in fact regarded by Chase as a single entity with a single, combined line of credit. Realty obtained a loan from Chase to build a project in South Carolina ("the South Carolina loan"). In December 1976, Chase wrongfully declared both the Massachusetts and South Carolina loans in default, and commenced foreclosure proceedings against the properties involved. Chase subsequently advised other prospective lenders of the claimed defaults, as a result of which plaintiffs were damaged by the loss of other potential loans. Plaintiffs were also damaged through being forced to divert resources from intended uses to meet obligations which were to have been met by scheduled advances on the South Carolina line of credit.

Count III states that in the Massachusetts loan agreement Chase undertook to

provide Forbes's subtenants with non-disturbance agreements, insuring that their subleases would not be affected by any default on the note or the mortgage. Chase refused to provide these agreements, and as a result Forbes has been unable to sublease space in the property. Plaintiffs seek at least $100,000 in damages, again apparently in contract or tort.

Count IV claims that as a result of the wrongful acts by Chase alleged in Counts II and III, the security and subrogation rights of Hartford as guarantor of payment on the Massachusetts loan were impaired. Plaintiffs seek a declaratory judgment that Hartford is therefore released from the payment guarantee.

Count V seeks rescission of the prepayment guarantee. Plaintiffs claim that Chase's false representation that it would treat the guarantee as conditioned on permanent third-party refinancing constituted fraud in the inducement.

Defendant does not oppose the modification of the jurisdictional allegations in the complaint, or the addition of Count V.

Defendant does oppose the addition of Counts II, III, and IV. As these claims allegedly arose after November 24, 1976, the date of the filing of this action, the Court will construe plaintiffs' motion with respect to these three counts as a motion to file a supplemental complaint pursuant to Fed.R.Civ.P. 15(d). *See The Dells, Inc. v. Mundt,* 400 F.Supp. 1293, 1295 (S.D.N.Y. 1975). Rule 15(d) does not contain the express injunction of Rule 15(a) that "leave [to amend] shall be freely given when justice so requires." However, there is authority in this Court that the same standards are to be applied to motions under both subdivisions of Rule 15, *see, e. g., United States v. International Business Machines Corp.,* 66 F.R.D. 223, 227–28 n. 1 (S.D.N.Y. 1975), and the Court so holds.

Defendant's opposition is based on two grounds: that the claims in Counts II, III, and IV have already been put in contest in other pending lawsuits, and that the addition of these claims to the present action would unduly delay and complicate a case which is nearly ready for trial and in which the issues are relatively straightforward. These grounds will be considered in turn below.

*Other Pending Actions*

The specific question of whether a party should be permitted to amend a pleading to assert a claim already in issue in a lawsuit in another court appears to have arisen in only two reported federal decisions. In both of these decisions, leave to amend was denied on the ground that to permit the litigation of the same issue in two actions would impose undue prejudice on the other party. *See Hanover Insurance Co. v. Emmaus Municipal Authority,* 38 F.R.D. 470, 472–73 (E.D.Pa.1965) (denying motion to amend complaint to add a claim which had already been decided in part in another federal action and the remainder of which had already been raised in a pending state action); *United States v. American Optical Co.,* 7 F.R.D. 158, 159 (S.D.N.Y.1945) (denying motion to amend answer to add cross-claim against co-defendant identical to a claim already being litigated between these parties in another federal court).[1]

It is important to note that in both *Hanover Insurance* and *American Optical,* there was a complete equivalence between the claim in the already-pending action and the claim sought to be raised by amendment. That is, in both actions three important identities were present: (1) the same parties were involved, (2) the same substantive claim was raised, and (3) the same relief was sought. The granting or denial of amendments to pleadings is, of course, a matter of judicial discretion within the

---

**1.** Two other decisions relied upon by defendant are not applicable here, because they involved motions to amend where the proposed claim was also in issue in another lawsuit in the *same* court, and the two lawsuits were thus subject to immediate consolidation. *See Buckley Towers Condominium, Inc. v. Buchwald,* 533 F.2d 934, 939 (5th Cir. 1976), *cert. denied,* 429 U.S. 1121, 97 S.Ct. 1157, 51 L.Ed.2d 571 (1977); *Flintkote Co. v. Diener,* 185 F.Supp. 509, 510 (D.P.R.1960).

broad standards of Rule 15. But in light of the strong policy of the federal rules in favor of freely granting leave to amend, where any of these three elements is absent a court should generally hold that the potential prejudice to the other party—something which will be present to some degree whenever there is *any* overlapping in the factual or legal issues in two lawsuits—is not strong enough to justify denying a motion to amend. This is especially true where the overlapping issues are present in two or more federal actions, in light of the availability to an aggrieved defendant of motions to transfer venue or for consolidation by the Judicial Panel on Multidistrict Litigation.

Applying this standard, defendant's arguments as to other pending actions fall short of justifying the denial of plaintiff's motion, with one exception to be noted below.

Regarding Count II, which alleges damages to plaintiffs from Chase's alleged wrongful declarations of default and proceedings to foreclose in Massachusetts and South Carolina, defendant points to pending actions in New York and South Carolina.

The New York state court action, *Chase Manhattan Bank (N.A.) v. First Hartford Realty Corp.,* No. 20706/76 (Supreme Court N.Y. County), of which defendant has failed to supply the pleadings, is said to be a suit against Realty to collect on a loan for a Rhode Island building project ("the Rhode Island loan"). Realty is said to have entered a counterclaim, apparently sounding in contract or tort, which complains of Chase's failure to make advances on the South Carolina loan. There will obviously be common facts to be resolved in this New York state court action and under the South Carolina loan aspect of proposed Count II. But neither plaintiff in the present action is a party to the state court suit. And whatever damages are due plaintiffs under proposed Count II for Chase's alleged breach of the South Carolina loan agreement are entirely distinct from any damages due Realty for that breach.

The South Carolina action, *Chase Manhattan Bank (N.A.) v. First Hartford Realty Corp.,* No. 77–1380, was brought by Chase against Hartford and Realty to foreclose on the South Carolina property. In their counterclaims in this action, both Hartford and Realty allege in considerable detail that a comprehensive agreement was reached among Chase, Hartford, Realty, and Forbes to adjust the terms of the Massachusetts, South Carolina, and Rhode Island loans. Realty seeks injunctive and monetary relief for several claimed violations by Chase of this agreement, and of other commitments or courses of dealing by Chase upon which Realty allegedly relied. Realty has also made an application, which is apparently pending, for the transfer of that action to this Court. Hartford seeks declaratory and injunctive relief as to its guarantee of the South Carolina loan obligation. Again, there would certainly be facts to be resolved in this action which will also be in contest under Count II of the proposed complaint—as well as, it should be noted, under Count I. But Forbes is not a party to the South Carolina action at all, nor is Hartford seeking damages therein, which is the only relief it seeks in proposed Count II.

Further regarding Count II—and also regarding Counts III and IV, which allege Chase's wrongful withholding of non-disturbance agreements with respect to the Massachusetts property—defendant points to a consolidated action now pending in the United States District Court for the District of Massachusetts, *Forbes & Wallace, Inc. v. Chase Manhattan Bank (N.A.),* No. 77–3145. That action was begun by the two plaintiffs in the present suit in Massachusetts state court to enjoin the foreclosure of the Massachusetts property, and to obtain a declaratory judgment as to the claimed mortgage default. This suit was removed to federal court by Chase. A second action was brought in Massachusetts state court by JMB against Forbes and Hartford for their alleged breach of the Forbes-JMB lease. Defendants in that action counterclaimed against JMB for failure to grant non-disturbance agreements, and initiated a third-party action against Chase for damages for

the alleged wrongful declaration of default and initiation of foreclosure. This action was removed to federal court and consolidated with the injunction and declaratory judgment action which had previously been removed.

I conclude that the part of proposed Count II which alleges a claim for damages relating to the Massachusetts loan cannot be advanced in the present action. To allow this portion of proposed Count II to be alleged would permit an identical claim, seeking identical relief, to be put in contest between the same parties in two actions. On the other hand, a failure to provide non-disturbance agreements is alleged in the consolidated Massachusetts action only against JMB, and proposed Counts III and IV, which make such an allegation against Chase, are thus not foreclosed by the pendency of that action.

In sum, under the standards articulated above, the pendency of other lawsuits is a bar to that portion of proposed Count II which relates to the Massachusetts loan, but not to the remainder of Count II or to any of the other proposed additional counts.

### Delay and Complication

Defendant's arguments as to delay and complication may be disposed of more briefly. While it is true that the Court set a date for the completion of discovery and for readiness for trial, the action has been pending in this Court for only slightly more than one year, during much of which period the parties were exploring the possibilities of settlement. Defendant offers only conclusory arguments as to delay, without pointing to any specific respect in which substantial additional time would be necessary to prepare for trial of the amended and supplemental complaint. Much of the relevant discovery may well have already taken place in this or other actions. Thus, the Court is not persuaded that the prospect of substantial additional pretrial delay calls for denying plaintiffs' motion.

Nor is the Court convinced that the proposed additional counts would inject great and unnecessary complication into the action. The case will not be tried to a jury.

The subject of the proposed counts is closely related to that of the original complaint. Plaintiffs contend in Count I that there were negotiations among the parties with respect to the entire group of interrelated loans which affected the terms of the prepayment guarantee. If this contention is proven, much of the foundation for proposed Count II will already have been laid. Proposed Counts III and IV turn on the narrow questions of whether Chase agreed to provide non-disturbance agreements and whether it failed to provide them.

### Conclusion

The preceding analysis and conclusions are made without regard to the possibilities of transfer and consolidation in one judicial district of the three outstanding federal actions involving these parties. There is no transfer motion pending in this action. But it seems evident that judicial economy would be served by such a step, and the Court invites further consideration of the advisability of motions or stipulations in some or all of these three actions to change venue pursuant to 28 U.S.C. § 1404(a) (1970).

Plaintiffs' motion is granted in all respects except insofar as Count II of the proposed amended and supplemental complaint addresses the Massachusetts loan. So ordered.