Bimalendu GANGULY, Plaintiff,

v.

**NEW YORK STATE DEPARTMENT OF MENTAL HYGIENE–DUNLAP MANHATTAN PSYCHIATRIC CENTER, et al., Defendants.**

No. 78 Civ. 568 (CES).

United States District Court,
S. D. New York.

Nov. 19, 1981.

Krishna M. Vempaty, Jamaica, N. Y., for plaintiff.

Robert Abrams, Atty. Gen. of the State of N. Y., Marion R. Buchbinder, Asst. Atty. Gen., New York City, of counsel, for defendants.

## MEMORANDUM DECISION

STEWART, District Judge:

Defendants seek partial summary judgment dismissing plaintiff's claim under 42 U.S.C. § 1983 or 42 U.S.C. § 2000e–3 that he was dismissed from his position as Unit Chief (level III) on November 17, 1978 in retaliation for his prior complaints concerning equal employment opportunities. Plaintiff opposes the motion for partial summary judgment and cross-moves for leave to amend his complaint to state three particular events that allegedly constitute illegal discrimination not previously included in the complaint. Our decision of a previous motion for partial summary judgment by plaintiff and a cross-motion for summary judgment by defendants is published at 511 F.Supp. 420 and familiarity with that decision is presumed. Defendants' prior cross-motion for summary judgment did not seek to litigate the sufficiency of the retaliation claim contained in paragraph 16 of the amended complaint.

A brief review of the undisputed facts relevant to this motion is necessary. Defendant Koz became director of the Dunlap Manhattan Psychiatric Center ("Center") in February 1977 and has served in that post at all relevant times since then. As alleged in paragraph 16 of plaintiff's amended complaint, "[t]he plaintiff, who has been the Unit Chief of Metropolitan Unit from June 1977 to February 1978 and Unit Chief of Metropolitan East Side Unit ['M–E Unit']

since February 1978 was relieved of such position on November 17, 1978". At the time Koz appointed plaintiff to the Unit Chief position, a level three job, Koz knew that plaintiff had previously filed charges against the hospital with the Equal Employment Opportunity Commission. Plaintiff was removed as Unit Chief pending an investigation of the M–E Unit. The investigation was commenced in November 1978 following Dr. Koz's receipt of a letter from the Manhattan State Relatives Group ("MSRG") alleging that a patient's records were falsified, that he was wrongfully given a "pass", that he committed suicide while out of the institution, and that plaintiff knew of the activities, failed to act, and covered up the falsification of records. Inquiry was made by a Special Review Committee within the Center. Their report, filed December 1, 1978, confirmed each allegation of the MSRG letter. The report also concluded that this was not an isolated instance of falsification of records in the M–E Unit. The report recommended a full-scale investigation by the Personnel Office. The April 19, 1979 report of the Personnel Office investigation also confirmed that records were falsified, that plaintiff knew of at least one such alteration, that plaintiff failed to investigate or discipline principals or follow up the charges, and that plaintiff sought to cover up or suppress critical testimony by filing retaliatory charges against two employees. However, the personnel report concluded that plaintiff's prior counselling and demotion were sufficient punishment.

Plaintiff alleges in his 3(g) statement that the following facts are also relevant to this motion. First, no investigation was made regarding the means by which MSRG obtained the information in their letter. There was thus no investigation to determine whether confidential records were unlawfully disseminated. Second, the general function of the Special Review Committee and its prior activities were not investigated. Third, the chairman of the Special Review Committee may not have had the power to investigate a permanent employee of the Center. Fourth, plaintiff was not fully apprised of the charges against him. Fifth, no action was taken against doctors involved in similar incidents, including Drs. Muragali and Chenier. Sixth, the Special Review Committee did not recommend any action against plaintiff. Finally, plaintiff contends that Koz knew that plaintiff planned to add Koz as a defendant in this case as early as November 10, 1978, and no later than February 5, 1979, either of which preceded plaintiff's demotion.

A prima facie case of retaliatory discrimination requires that plaintiff was "engaged in protected activities, that his employer was aware of the protected activities, and that he was subsequently discharged within a relatively short time interval after his performance of the activities". *Gonzalez v. Bolger,* 486 F.Supp. 595, 601 (D.D.C.1980). *See Lieberman v. Gant,* 630 F.2d 60, 69–70 (2d Cir. 1980). If a prima facie case is established, the employer must come forward with some evidence to articulate some legitimate, nondiscriminatory reason for the action. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 801, 93 S.Ct. 1817, 1823, 36 L.Ed.2d 668 (1973); *Ste. Marie v. Eastern R. R. Assoc.,* 650 F.2d 395, 399 (2d Cir. 1981). Plaintiff has the ultimate burden to show that the "legitimating explanations put forward by the defendant for actions alleged to be discriminatory ... are mere pretexts for forbidden motivation". *Rodriguez v. Bd. of Educ. of Eastchester,* 620 F.2d 362, 367 (2d Cir. 1980) (*citing McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). As intent or motive is an essential ingredient of plaintiff's proof of discrimination in this context, summary judgment is ordinarily inappropriate. *E. g., id.; Romero v. Union Pacific R. R.,* 615 F.2d 1303, 1309 (10th Cir. 1980).

Plaintiff's allegations establish a prima facie case. His filing of complaints with the E.E.O.C. was a protected activity. Koz concededly knew about such activities. Plaintiff's dismissal was sufficiently close in time to the protected activity to permit an inference of discrimination. Of course, Koz

presents substantial countervailing evidence of legitimate, nondiscriminatory reasons for plaintiff's demotion. Moreover, the investigation into plaintiff's falsification of records and his subsequent attempts to cover up his errors. presents a legitimate reason for plaintiff's demotion. Plaintiff advanced very little probative evidence in response to Koz's undisputed showing of a legitimate reason for plaintiff's demotion to create a material issue of fact that Koz's preferred justification was a pretext. Plaintiff does not challenge the results of the investigation. Rather, plaintiff's unsupported conclusory statements as to the motivation of and source of information of the MSRG, and the prior activities and power of the Special Review Committee seek to deflect the proper criticism of plaintiff by innuendo and indirection. Plaintiff's conclusory allegation that he was not informed of the charges against him is completely unsupported by the record. Nonetheless, plaintiff's 3(g) statement raises some question of Koz's different treatment of Dr. Chenier, Dr. Muragali, Mr. Occasio and Mr. Rodriguez, on the one hand, and plaintiff on the other hand. Such factual contentions of different treatment may rebut the legitimate reason advanced by Koz for plaintiff's demotion. We cannot grant partial summary judgment at this time.

We turn next to plaintiff's motion to amend the complaint. Leave to amend should be freely given. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Plaintiff's proposed paragraph 16a relates events occurring after the amended complaint was filed, but related to the events described in paragraph 16. Proposed paragraph 16c also concerns events following the earlier amendment. Paragraphs 16a and 16c are thus supplemental pleadings permitted by Fed.R.Civ.P. 15(d) to avoid costly and duplicative proceedings. *See Forbes & Wallace, Inc. v. Chase Manhattan Bank*, 79 F.R.D. 563, 566–67 (S.D.N.Y.1978). Koz objects to the addition of paragraphs 16a and 16c on the basis of plaintiff's undue delay in seeking to amend his complaint. We are not persuaded that the claims are unduly delayed or that Koz was prejudiced thereby. *See Vulcan Society v. Fire Dept. of White Plains*, 82 F.R.D. 379, 386 (S.D.N.Y.1979). Koz also opposes the amendment because the claims are lacking in merit. Koz asserts that neither claim may be maintained under Title VII as plaintiff failed to first obtain a Right to Sue letter from the E.E.O.C. In fact, plaintiff's affidavit states that he did receive a Right to Sue letter, and such a letter was submitted, although neither the affidavit nor the letter make clear what claims were registered with the E.E.O.C. Additionally, Koz asserts that no claim may be maintained under New York Executive Law because plaintiff failed to file suit within one year after the alleged discriminatory conduct. *See Ganguly v. N. Y. Dept. of Mental Hygiene*, 511 F.Supp. at 429. As numerous other theories of relief are asserted, we will not deny the amendment merely because one theory is frail. The Koz affidavit does not prove that plaintiff's claims are not meritorious, but does raise material factual issues concerning the merits. However, we do not at this time and on this record find that any or all of the grounds of liability asserted by plaintiff in paragraph 16a or 16c are triable. Koz also objects to the addition of paragraph 16b as time-barred under 42 U.S.C. § 1983, under Title VII, and under New York Executive Law. We need not permit an amendment which is a legally insufficient basis for any recovery. *Vulcan Society v. Fire Dept. of White Plains*, 82 F.R.D. at 387. The allegations of paragraph 16b do not "arise out of the conduct, transaction or occurrence set forth ... in the original pleading" under Fed.R.Civ.P. 15(c). Therefore, the proposed amendment does not relate back to the time of either the amended or original pleadings. The issues raised by paragraph 16b have not been tried with the implied or express consent of the parties, so this is not merely an amendment to conform to the evidence under Fed.R.Civ.P. 15(b). Plaintiff's only reason for the delay in asserting this claim is that unspecified administrative remedies were being pursued at the time of the earlier pleading.

Plaintiff is not entitled to amend his pleadings to assert a claim that is in all likelihood time-barred and which was not previously asserted in the amended complaint although it was apparently ripe at the time of the previous amendment.

In sum, defendants' motion for partial summary judgment is denied. Plaintiff's cross-motion to serve a second amended complaint is granted in part and denied in part. A second amended complaint conforming to this decision shall be served within four days of this decision.

SO ORDERED.