Georgianna JOHNSON, Gwendolyn Gittens, Sara West, Sylvia Thompson, Gerard Despinosse, Dorothy Butler and Evelyn Gervais, Plaintiffs,

v.

Edward KAY, Marshall Garcia, Dennis Rivera, Eustace Jarrett, Sylvia Grant–Gutierrez, Carlton Yearwood and Angela Doyle, Betty Hughley, Katherine Abelson, Dalton Mayfield and Aida Garcia, Defendants.

No. 87 Civ. 6482 (RWS).

United States District Court,
S.D. New York.

April 14, 1989.

Bernstein & Lipsett, Washington, D.C. by Jules Bernstein, of counsel, for plaintiffs.

Gladstein, Reif & Meginniss, Brooklyn by James Reif, of counsel, Robinson, Silverman, Pearce, Aronsohn & Berman, Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P.C. New York City, for defendants.

OPINION

SWEET, District Judge.

Defendants Edward Kay ("Kay"), *et al.* (collectively, "Kay") have moved to dismiss the complaint for failure to comply with the Pretrial Order of September 28, 1988 or to prosecute this litigation diligently. Plaintiffs Georgianna Johnson ("Johnson"), *et al.* (collectively, "Johnson") have moved 1) for leave to file a Second Amended and Supplemental Verified Complaint pursuant to Rules 15(a) and 15(d), Fed.R.Civ.P., 2) for an order intervening Local 1199, Drug, Hospital and Health Care Employees, RWDSU, ("Local 1199) under Rule 19(a), Fed.R.Civ.P., and 3) for an order appointing independent counsel for Local 1199 or naming RWDSU trustee *ad litem.* For the reasons set forth below, Kay's motion to dismiss is denied, Johnson's motion to amend and supplement the complaint is granted, Johnson's motion for an order intervening Local 1199 is granted, and the parties are directed to take the steps detailed below to appoint independent counsel for Local 1199 and to complete discovery by June 28 and to file the Pretrial Order on July 5, 1989.

*Prior Proceedings*

This lawsuit arose from an ongoing struggle for control of Local 1199, one of New York City's largest and most powerful unions. The union's internecine battle has spawned several other lawsuits, including *Doyle v. Turner,* 86 Civ. 2792 (CSH), *Local 1199 v. Retail, Wholesale and Department Store Union,* 87 Civ. 6862 (RWS), and *Johnson v. Kay,* 88 Civ. 0126 (MGC). The earlier opinions in these cases set forth the facts in detail. *See Johnson v. Kay,* 860 F.2d 529 (2d Cir.1988); *Doyle v. Turner,* No. 86–2792, slip op., 1989 WL 8912 (S.D.N.Y. Jan. 26, 1989); *Johnson v. Kay,* 671 F.Supp. 268 (S.D.N.Y.1987); *Local 1199 v. Retail, Wholesale and Department Store Union,* 671 F.Supp. 279 (S.D. N.Y.1987). Familiarity with these opinions is assumed.

*Motion to Dismiss for Failure to Prosecute*

On September 28, 1988, a status conference was held and a Pretrial Order was signed directing the parties to complete discovery, inspection, and motions by November 23, 1988 and to submit a joint proposed Pretrial Order by November 30, 1988. The Pretrial Order added:

5. Adjournments of the dates set forth above will not be granted except for good cause and upon written application made as soon as the grounds for such application are known.

6. Failure to comply with any of the provisions of this order will result in dismissal of the action, entry of a default judgment, or other appropriate sanction.

Kay contends that Johnson refused to establish a schedule for the parties to prepare a proposed joint Pretrial Order and failed to submit a draft Pretrial Order to Kay, thereby preventing the parties from complying with the Pretrial Order's November 30 due date. Johnson also failed to attend the final pretrial conference scheduled for November 30, 1988 and allegedly has declined to conduct discovery since April 1988. Charging that these facts demonstrate that Johnson has failed to prosecute this action diligently, Kay has moved to have the case dismissed.

Dismissal for failure to prosecute is an extreme measure a court should impose sparingly. *See Harding v. Federal Reserve Bank,* 707 F.2d 46, 50 (2d Cir.1983); *Theilmann v. Rutland Hosp., Inc.,* 455 F.2d 853, 855 (2d Cir.1972). The circumstances here do not support dismissal because Johnson's alleged lack of diligence has not been as severe as Kay contends.

The Pretrial Order set November 23, 1988 as the date by which the parties should complete all motions. By filing the motions at issue by November 21, 1988, Johnson complied with the Pretrial Order. Johnson's counsel's absence from the November 30, 1988 pretrial conference is excusable. Mr. Bernstein filed the current motions on November 21, 1988, returnable December 2, 1988, and he believed in good faith that the effect of that filing was to cancel the November 30, 1988 conference. When he learned the day of the conference that the conference was still scheduled, Mr.

Bernstein was unable to travel from Washington, D.C. to New York.

Moreover, to the extent Johnson has failed to propose a pretrial order or to pursue discovery, she appears to have done so in good faith. Two of the issues the Second Circuit resolved in its October 25, 1988 opinion involved this court's jurisdiction to hear Johnson's claims, *see Johnson v. Kay*, 860 F.2d 529, 536–38 (2d Cir.1988), and the action's alleged mootness. *See id.* at 538. Understandably, Johnson declined to undertake discovery while the appeal was pending—had the Second Circuit accepted Kay's challenges, the lawsuit would have been dismissed and any discovery would have been in vain.

Another issue the Second Circuit addressed involved Local 1199's role in the litigation as an entity independent of the warring factions. When the Court ruled in October that this court incorrectly dismissed the union from the action, Johnson claims she considered the September Pretrial Order "moot" because the case could not proceed until Local 1199 had reentered the litigation.

Kay's charges reflect the procedural confusion which followed the Second Circuit's opinion but fail to establish a level of neglect or lack of diligence warranting dismissal for failure to prosecute.

*Motion to Amend the Complaint*

■ Johnson has moved for leave to file a Second Amended and Supplemental Verified Complaint (the "amended complaint") pursuant to Rule 15(a) and 15(d), Fed.R. Civ.P. The proposed amendments and supplements contain allegations regarding events that have transpired since Johnson filed the First Amended and Supplemental Verified Complaint. These include Kay's alleged assault against Johnson on October 8, 1987, the Local 1199 constitutional referendum concluded November 14, 1987, a March 23, 1988 meeting of Local 1199's General Delegates Assembly, resolutions adopted by the Executive Council on November 18, 1987, a May 12, 1988 meeting of the General Delegates Assembly, and meetings of the Guild and Hospital Delegate Assemblies on August 4 and 9, 1988.

Rule 15(a) requires a party to amend its pleadings by leave of court and provides that "leave shall be freely given when justice so requires." Rule 15(d) states:

Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.

Although Rule 15(d) does not include Rule 15(a)'s mandate that leave to amend be freely given when justice requires, the same standards apply to motions under both these subdivisions of Rule 15. *See Forbes & Wallace, Inc. v. Chase Manhattan Bank*, 79 F.R.D. 563, 564 (S.D.N.Y. 1978).

Pursuant to these principles, Johnson's motion to amend and supplement her complaint is granted.

*Joinder of Local 1199*

The Second Circuit ruled that Local 1199 is an indispensable "neutral party" to this litigation pursuant to Rule 19(a), Fed.R. Civ.P., noting:

There is no doubt that the union, as an institution separate and distinct from its officers and members, has a vital interest, both financial and structural, in the outcome of this suit, and that this interest is not necessarily coextensive with the interests either of President Johnson or of the Executive Council.

*Johnson v. Kay*, 860 F.2d 529, 539 (2d Cir.1988). The Court then stated: "We direct the district court to join Local 1199 as a party...." *Id.* at 540.

The Second Circuit's mandate to join Local 1199 as a neutral party—aligned neither as a plaintiff nor as a defendant—is unequivocal. Accordingly, Local 1199 hereby is joined as a neutral party to this action.

*Motion to Appoint Independent Counsel for Local 1199*

The Second Circuit also directed this court "to take whatever steps it deems necessary to assure the adequacy and independence of the union's representation in

the proceedings." This directive is somewhat more difficult to achieve.

The Circuit Court's description of Local 1199 as an "institution separate and distinct from its officers and members" raises some practical difficulties in the context of this case. Whatever "separate and distinct" existence the union may enjoy in a metaphysical sense, it can act only through decision-making processes that integrally involve its officers and members—and those individuals appear on both sides of this litigation.

The Circuit Court directs that Local 1199 be represented by counsel with allegiance neither to President Johnson—who is a plaintiff here—nor to the Executive Council —which is controlled by individuals who are defendants here. Toward this end, Johnson proposes that this court name the local's parent union, the RWDSU, as trustee *ad litem* or appoint independent counsel to represent Local 1199.

However, by temporarily removing Kay as Secretary–Treasurer in response to Johnson's unfounded charge that Kay had engaged in "dual unionism," the RWDSU has made clear where its loyalties lie. Moreover, Kay is a plaintiff in a related case naming the RWDSU as a defendant. *See Local 1199 v. Retail, Wholesale and Department Store Union*, 87 Civ. 6862 (RWS).

Appointing a person unrelated to Local 1199 as a trustee *ad litem* would effectively place a level of decision making between the union and its counsel for no good purpose. The trustee *ad litem*'s role would be to represent the union's interests in this litigation—a role the independent counsel could perform just as easily. Further, no authority has been cited to grant the court the power to name a trustee to oversee this litigation on Local 1199's behalf.

Appointing independent counsel to represent Local 1199 also raises a set of problems. The union may exist as an institution "separate and distinct" from its officers and members, but it cannot function in any real sense without direction. Legal representation requires consultation and participation on the part of the client.

Nonetheless, the Second Circuit directed this court to assure the "adequacy and independence of the union's representation in the proceedings." Accordingly, a hearing will be held on Friday, May 5 at 9:30 in Room 443 of the United States Courthouse to select independent counsel for the union. Each party is directed to propose three attorneys having no prior affiliation with Local 1199 or this litigation and to exchange those attorneys' names by Friday, April 28, 1989. All written objections, if any, to the proposed attorneys must be filed with the court no later·than 5:00 p.m. on Wednesday, May 10, 1989. The order appointing independent counsel will set forth the provisions for paying the counsel pursuant to the Circuit Court's direction.

*Conclusion*

For the reasons set forth above, Kay's motion to dismiss is denied, Johnson's motion to amend the complaint is granted, Johnson's motion to intervene Local 1199 is granted, and the parties are directed to comply with the procedures detailed above for selecting independent counsel to represent the union. Discovery will be completed by June 28 and the Pretrial Order filed July 5, 1989.

It is so ordered.