**BUCKLEY TOWERS CONDOMINIUM, INC., a non-profit Florida condominium Corporation, etc., Plaintiff,**

**v.**

**Herbert BUCHWALD et al., Defendants.**

**No. 75-38-Civ-JLK.**

United States District Court,
S. D. Florida,
Miami Division.

July 31, 1975.

Joseph S. Paglino, Miami, Fla., for plaintiff.

Steel, Hector & Davis, Miami, Fla., for defendants.

## ORDER OF DISMISSAL

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon the defendants' motion to dismiss the complaint for lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted. The court, having considered the record and being fully advised in the premises, finds and concludes that the above-styled action should be dismissed for failure to state a claim upon which relief can be granted.

On behalf of itself and its stockholders and members,* the Buckley Towers

---

* Although the Plaintiff purports to bring this action on behalf of its members and stockholders, the association has expressly disclaimed any intention to maintain the present action as a class action. Consequently, there is no need to determine whether the action meets the requirements of Fed.R.Civ.P. 23.

Condominium, Inc., a non-profit Florida Condominium Corporation, brought this action against Herbert Buchwald and the Buckley Development Company, the developers of the Buckley Towers Condominium. The Plaintiff alleges that the developers entered into a scheme which constitutes an unlawful tie-in, a *per se* violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. The plaintiff seeks treble damages, declaratory relief, and an injunction against certain state court civil proceedings.

In their motion, the defendants suggest several grounds for dismissing the action. The disposition of the motion, however, rests on the issue of standing.

For the purpose of deciding the motion to dismiss, the facts as they appear from the complaint and the exhibit attached to the complaint are presumed true. On August 6, 1968, the plaintiff was incorporated under Fla.Stat. § 617 as a non-profit corporation, and a condominium association under Fla.Stat. § 711.12. According to the plaintiff's articles of incorporation, the purpose of the corporation is "to provide an entity responsible for the operation of a condominium in Dade County, Florida known as 'Buckley Towers, a Condominium.'" Membership in the association is limited to "all of the record owners of the condominium parcels of the Condominium." The association is empowered

> To acquire and enter into agreements whereby it acquires leaseholds, memberships or other possessory or use interests in lands or facilities, whether or not contiguous to the lands of the Condominium, intended to provide for the enjoyment, recreation, or other use or benefit of the unit owners.

Sometime prior to December 18, 1968, the plaintiff condominium association entered into a long-term lease of recreational facilities from the defendant, Mr. Buchwald. The facilities are situated on land which is not a part of, but is adjacent to, the Buckley Towers Condominium. According to a formula set forth

in the lease, the plaintiff is obligated to pay the defendant rent in excess of $18,700.00 per month. The "Community Facility Lease" further provides:

> Each and every person, whether real or corporate, who shall take any interest whatsoever in or to the Condominium described in Exhibit C [Buckley Towers West and Buckley Towers East] attached hereto, any of the Condominium's properties, or in or to any condominium parcels in the Condominium after the recording of this lease, by acceptance, delivery or the recording of the deed, contract, grant, assignment or other instrument granting, conveying, or providing for such interest, or by the mere first exercise of the rights or uses granted herein, shall be deemed to consent to and ratify without further act being required, the provisions of this lease and especially the provisions of the entire Paragraphs IX [granting security interest in all condominium property to Lessor] and X [granting Lessor right to assign and encumber Lessor's interest in lease and demised premises] to the same effect and extent as if such person or persons had executed this lease with the formalities required in deeds, for the purpose of subordinating and/or subjecting such person or persons' interests, in full, to the terms of this lease and granting the lien rights to Lessor provided for in this Paragraph X.

The terms of the Community Facility Lease also require the association

> to assess its unit owners, excepting the recreation unit owner, . . . in such amounts as shall be necessary to pay its obligations, payable in money to the Lessor hereunder, and to otherwise perform its covenants and promises herein.

On December 18, 1968, a copy of the recreation lease was filed in the Official Records of Dade County as an exhibit to the Declaration of Condominium of the Buckley Towers Condominium. To the extent here relevant, the declaration es-

sentially incorporates, by reference the terms of the lease, and restates the provision relating to the condominium owner's ratification of the lease. Also, the declaration includes a provision which declares the rental fee a "common expense" for which the unit owners shall be assessed.

According to the plaintiff, the organization of the Buckley Towers Condominium is objectionable in that the purchaser of a condominium is required to accept and ratify the obligation to make rental payments on the Community Facility Lease. This arrangement, the plaintiff charges, constitutes an unlawful tie-in, a *per se* violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Although the plaintiff must assess the unit owners for the funds paid on the lease, the association maintains that it is harmed by the obligation to pay unreasonable rent for the remaining 95 years of the 99-year lease.

Section 4 of the Clayton Act confers standing to bring a civil antitrust action for treble damages upon "[a]ny person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws." 15 U.S.C. § 15. In construing Section 4, however, the courts have refused to confer standing upon every plaintiff whose injury is remotely traceable to an anti-trust violation, *Hawaii v. Standard Oil Company of California,* 405 U.S. 251, 262, 92 S.Ct. 885, 31 L.Ed.2d 184 (1972). As a result, the Courts of Appeal have devised various standards for determining whether a party has standing. *Hawaii v. Standard Oil Company of California, supra* at 262 n. 14, 92 S.Ct. 885; *Battle v. Liberty National Life Insurance Company,* 493 F.2d 39 (5th Cir. 1974); *In re Multidistrict Vehicle Air Pollution MDL No. 31,* 481 F.2d 122 (8th Cir. 1973). The standards focus on the sufficiency of the causal relationship between the alleged violation and the harm to the plaintiff. *See, e. g., Battle v. Liberty National Life Insurance Co., supra; In re Multidistrict Vehicle Air Pollution MDL No. 31, supra.* The standard applied in the Fifth Circuit requires

> The plaintiff to show that he is "within the sector of the economy in which the violation threatened a breakdown of competitive conditions and that he was proximately injured thereby."

*Battle v. Liberty National Life Insurance Company, supra* at 49, quoting *South Carolina Council of Milk Producers, Inc. v. Newton,* 360 F.2d 414, 418 (4th Cir. 1966).

The difficulty with the present case is finding any connection at all between the harm to the plaintiff condominium association and the alleged tie-in. Throughout the complaint, the affidavit of the association president, and the plaintiff's memoranda, the plaintiff repeatedly stresses that the association is harmed by the obligation to pay allegedly unreasonable rent for 95 years. Since the Community Facility Lease, to which the plaintiff is a party, specifically provides for the amount and duration of the rental payments, the harm to the plaintiff flows directly from the association's liability on the lease. Thus for the plaintiff to have standing, the alleged tie-in must be the proximate cause of the plaintiff's liability on the lease.

However, the very structure of the alleged tie-in limits the circumstances in which a plaintiff, solely harmed by liability on the lease, is able to supply the requisite causal connection. The condominium association claims that the defendants have engaged in a practice of tying the obligation to make rental lease payments to the purchase of a condominium: the condominium unit is the tying product; and, the liability on the lease is the tied product. Given the structure of the tie-in, the causal connection between the alleged violation and the liability on the lease exists only where the plaintiff has purchased a condominium. Consequently, the plaintiff must be a purchaser.

A review of the complaint, and the affidavit of the association president, re-

veals not even the slightest suggestion that the association purchased a condominium unit to which the liability on the lease was tied. Instead, the facts alleged indicate that the plaintiff's obligations, under the Community Facility Lease, arose independent of the tie-in. The condominium association, shortly after it was incorporated, entered into a direct contractual relationship with the defendants for the lease of the recreational facilities. Under the circumstances of this case, the manner in which the plaintiff became obligated on the recreation lease is fatally inconsistent with the notion that the condominium association has standing to complain of the alleged tie-in. Therefore, it is

Ordered and adjudged that the above-styled action be and the same is hereby dismissed for failure to state a claim upon which relief can be granted.