BUCKLEY TOWERS CONDOMINIUM, INC., a nonprofit Florida Condominium Corporation on behalf of itself and its stockholders and members, Plaintiffs-Appellants,

v.

Herbert BUCHWALD, Individually and as Trustee, et al., Defendants-Appellees.

No. 75–3403.

United States Court of Appeals, Fifth Circuit.

June 17, 1976.

Rehearing and Rehearing En Banc Denied Sept. 21, 1976.

Joseph S. Paglino, Miami, Fla., for plaintiffs-appellants.

Darrey A. Davis, Miami, Fla., for defendants-appellees.

Before DYER and SIMPSON, Circuit Judges, and FAY, District Judge.

SIMPSON, Circuit Judge:

Appellant, Buckley Towers Condominium, Inc., (hereinafter appellant or Buckley) a non-profit Florida condominium association brought this action (designated in the district court as No. 75–38–CIV–JLK), on behalf of itself and its stockholders and members, against the developers of the Buckley Towers Condominium for alleged violations of Sections 1 and 2 of the Sherman Act, Title 15, U.S.C., Sections 1, 2. Count I of the complaint alleged an illegal tying arrangement by the defendants-appellees in that the purchasers of condominium units in Buckley Towers are required to accept and ratify the obligation to make rental payments to the appellees under a lease of recreation facilities provided for the use of the unit owners. The appellant sought treble damages pursuant to Section 4 of the Clayton Act, Title 15, U.S.C., Section 15, in the amount of all monies paid by the appellant or its members under the lease trebled. In addition, although the complaint did not invoke jurisdiction under Section 16 of the Clayton Act, Title 15, U.S.C., Section 26, the appellant sought (i) the cancellation and rescission of the lease, (ii) a permanent injunction restraining the appellees from enforcing the terms of the lease, and (iii) the award to the appellant of title to the real property covered by the lease. The second count of the complaint sought ancillary relief in the form of a stay by the district court of state court proceedings brought by

appellee Buchwald to compel enforcement of a state court approved settlement agreement between the parties, see *Buckley Towers Condominium, Inc. v. Buchwald,* Fla., 3 D.C.A. 1975, 321 So.2d 628, and requested that the appellant be allowed to deposit the rental payments due under the lease into the registry of the court pending a final determination of the suit. The district court on July 31, 1975, granted the appellees' motion to dismiss the suit for failure to state a claim upon which relief could be granted on the ground that since the appellant never purchased a condominium unit in Buckley Towers, it lacked standing to bring the action under Section 4 of the Clayton Act. *Buckley Towers Condominium, Inc. v. Buchwald,* S.D.Fla.1975, 399 F.Supp. 38.

Subsequent to the entry of the order of dismissal the appellant on August 11, 1975, moved the district court for clarification of the order of dismissal, and for leave to amend the complaint and to add or join as parties plaintiff the residential condominium unit owners. Further, on August 25, 1975, twenty-five days after the entry of the order of dismissal, the appellant filed in the court below a motion for reconsideration of the July 31, 1975 order of dismissal. The district court on August 27, 1975, granted the appellant's motion for clarification, and held that the order of dismissal was with prejudice. By the same order the district court denied the appellant's motion for leave to amend the complaint, holding that such motion was rendered moot by reason of the filing on August 6, 1975, of a substantially similar action, designated in the district court as No. 75–1549–CIV–JLK, by the appellant and by the owner of a residential condominium unit in Buckley Towers "individually and on behalf of all residential unit owners at the Buckley Towers Condominium".[1]

On September 8, 1975, the district court denied the appellant's motion for reconsid-

---

1. A copy of the complaint in No. 75–1549 appears in this record as an exhibit to the defendant's Memorandum in Opposition to Plaintiff's Motion (filed August 11, 1975) for Clarification

of Order of Dismissal, Etc. We were informed by counsel at oral argument that No. 75–1549 was dismissed by Judge King as barred by the four year Statute of Limitations of the Clayton

eration of the order of dismissal of No. 75–38–CIV–JLK because the notice of appeal therefrom filed September 2, 1975, divested it of jurisdiction to reconsider. Appellant filed in this court a motion to remand the cause to the district court for the limited purpose of permitting a reconsideration of the order of dismissal. A panel of this court granted the limited remand by an order of November 17, 1975. On remand the district court held that it lacked authority to reconsider since appellant's motion for reconsideration was not filed or served within the ten-day period prescribed by F.R.Civ.P., Rule 59. See *Martin v. Wainwright,* 5 Cir. 1973, 469 F.2d 1072, 1073, cert. denied 411 U.S. 909, 93 S.Ct. 1538, 36 L.Ed.2d 199; *Albers v. Gant,* 5 Cir. 1970, 435 F.2d 146, 147.

The appeal before us is from the order below dismissing the action for failure to state a claim upon which relief could be granted. We affirm.

The complaint and the condominium documents appended thereto show that the appellant was incorporated August 6, 1968, as a non-profit corporation under Fla.Stat. Chapter 617, and a condominium association under Fla.Stat. Section 711.12. Pursuant to its articles of incorporation the condominium association has the responsibility for the operation and maintenance of the condominium, excluding the privately owned units, and is empowered "to acquire and enter into agreements whereby it acquires leaseholds, memberships, or other possessory or use interests in lands or facilities, whether or not contiguous to the lands of the Condominium, intended to provide for the enjoyment, recreation, or other use or benefit of the unit owners." The members of the appellant association consist solely of present record owners of units in Buckley Towers.

Buckley Towers Condominium, Inc. came into existence on December 17, 1968, with the recordation of the Declaration of Condominium in the public records of Dade County, Florida. The condominium project consists of two seventeen story buildings containing 564 residential apartment units, 5 shop units, and 23 recreation units. Simultaneously with the execution of the Declaration of Condominium Buckley leased for a period of 99 years from appellee Buchwald the property and facilities consisting of the 23 recreation units. The recreation units covered by the "Community Facility Lease" are located on land adjacent to the Buckley Towers Condominium, and leased for a total yearly rental payable in 12 monthly installments of over $18,700.00 each.

The Declaration of Condominium and the Community Facility Lease provide in part:

"Each apartment and shop unit owner, his heirs, successors and assigns is bound by said community facility lease to the same extent and effect as if he had executed said lease for the purpose therein expressed, including but not limited to (a) subjecting all his right, title and interest in his apartment or shop unit, the condominium property and the Association to the lien rights granted the Lessor in Paragraph IX of said lease; (b) adopting, ratifying, confirming and consenting to the execution of the lease by the Association, as lessee; (c) covenanting and promising to perform each and every of the covenants, promises and undertakings to be performed by apartment or shop unit owners in the cases provided therefor in said lease; (d) ratifying, confirming and approving each and every provision of said lease and acknowledging that all of the terms and provisions thereof, including rental reserved, are reasonable; and (e) agreeing that the persons acting as directors and officers of the Association in the acquisition of such leasehold have not breached any of their duties or obligations to the Association. . . . The

---

Act, Title 15, U.S.C. § 15b, and that an appeal from that dismissal is now pending before this court. We note from our own records the existence of such an appeal: No. 76–1848 styled Ignatz Spitz, etc., et al., Plaintiffs-Appellants, v. Herbert Buchwald, etc., et al., Defendants-Appellees.

expense of rental, replacements, and other undertakings as set forth in the community facility lease are hereby declared to be common expenses. Each apartment owner shall have the right to use, occupy and enjoy the community facilities through the Association, as lessee, subject to all of the provisions of said community facility lease."

The lease further provides pursuant to Fla.Stat. Sections 711.121 and 711.14[2] as follows:

"XIV. *DUTY OF LESSEE TO ASSESS AND PAY.* It shall be the duty of the Lessee to assess its unit owners, excepting the recreation unit owner, in accordance with the Florida Condominium Act, its Declaration of Condominium and By-Laws in such amounts as shall be necessary to pay its obligations, payble in money to the Lessor hereunder, and to otherwise perform its convenants and promises herein."

Upon recordation of the Declaration of Condominium and a copy of the Community Facility Lease as an exhibit thereto, appellee, Buckley Development Company, Ltd., became the owner of all units in the condominium project. By April 8, 1971, all of the residential condominium units had been sold by the appellee-developer to individual purchasers. Certain of these units have been subsequently resold by the original purchasers. The appellant condominium association, however, has never purchased a condominium unit from either the appellee-developer or from an intermediate purchaser.

The gravamen of the appellant's claim is that the Declaration of Condominium and the Community Facility Lease create a tying arrangement in violation of Section 1 of the Sherman Act, in that the purchaser of a condominium unit in Buckley Towers is required to accept and ratify the terms of the recreation lease and the obligation to make rental payments to the appellees thereunder. The appellant asserts that although it is required by the terms of the Declaration of Condominium and the Community Facility Lease to assess the condominium unit owners, which constitute its membership, for the funds to pay the rental for the recreation facilities covered by the lease, it nonetheless has standing to maintain this action as lessee of the facilities, and because it is nominally liable for the payment of the rental on the leasehold under the terms of the lease.

We held in *Battle v. Liberty National Life Insurance Company,* 5 Cir. 1974, 493 F.2d 39, cert. denied 1975, 419 U.S. 1110, 95 S.Ct. 784, 42 L.Ed.2d 807, that in order to have standing to maintain an action for treble damages under Section 4 of the Clayton Act a plaintiff must satisfy two criteria: (1) the plaintiff must demonstrate an injury to its "business or property", and (2) the plaintiff must show that this injury was the result of the defendant's illegal activities. *Id.* at 49. See also *Hawaii v. Stan-*

---

2. Fla.Stat. Section 711.121 provides in pertinent part:

"In addition to any other provisions of this chapter, an association may acquire and enter into agreements whereby it acquires leaseholds, memberships and other possessory or use interests in lands or facilities including but not limited to country clubs, golf courses, marinas and other recreational facilities, whether or not contiguous to the lands of the condominium, intended to provide for the enjoyment, recreation or other use or benefit of the unit owners. . . . The declaration and bylaws may declare the expenses of rental, membership fees, operations, replacements and other undertakings in connection therewith to be common expenses and may include covenants and restrictions concerning the use of the same by

the unit owners and such other provisions not inconsistent with this law as may be desired."

Fla.Stat. Section 711.14 as amended in 1975 provides in pertinent part:

"(1) Common expenses shall include the expenses of the operation, maintenance, repair, or replacement of the common elements, costs of carrying out the powers and duties of the association and any other expense designated as common expense by this law, the declaration or the bylaws.

(2) In a residential condominium, funds for the payment of common expenses shall be assessed against unit owners in the proportions or percentages of ownership of the common elements provided in the declaration."

*dard Oil Company of California,* 1972, 405 U.S. 251, 92 S.Ct. 885, 31 L.Ed.2d 184; *Dailey v. Quality School Plan, Inc.,* 5 Cir. 1967, 380 F.2d 484; *Martin v. Phillips Petroleum Company,* 5 Cir. 1966, 365 F.2d 629, cert. denied 385 U.S. 991, 87 S.Ct. 600, 17 L.Ed.2d 451.

The application of these two standards to the facts here demonstrates that the district court correctly decided that the appellant lacked standing to maintain this action. Buckley has not alleged or shown as required by the second of the above criteria that the claimed antitrust violations caused injury to it in its business or property.

The district court correctly noted that the tied product is the recreational facilities and the obligation to make rental payments on those facilities, and the tying products are the residential condominium units in Buckley Towers. *Buckley Towers Condominium, Inc. v. Buchwald,* supra, 399 F.Supp. at 40. Thus, the required causal connection of antitrust violation to injury could exist only with respect to purchasers of the condominium units. Buckley's liability for the rental payments under the lease arose not as the result of its purchase of a condominium unit, but rather as a result of its direct contractual relationship with the appellees as lessee of the recreation units. The appellant has failed to show as required by the first criterion any injury to its "business or property", defined by the Supreme Court as "commercial interests or enterprises", *Hawaii v. Standard Oil Company of California,* supra, 405 U.S. at 264, 92 S.Ct. at 892, 31 L.Ed.2d at 193–94, from the claimed antitrust law violations.

Pursuant to the terms of the Declaration of Condominium and the Community Facili-ty Lease, and as required by Florida Statute Sections 711.121 and 711.14, (see note 2 supra) the rental payments on the lease are common expenses which are paid by the association through assessments upon the condominium unit owners. Buckley acts solely as a conduit in collecting the assessments from the unit owners and paying the rental to the appellees. The association thus is not injured in its commercial interests or enterprises as a result of the alleged unlawful tying arrangement. Indeed, in the strict sense it has no *commercial* interests or enterprises.

Similarly lacking in merit is the appellant's fall-back assertion that it had standing to maintain on behalf of itself and its members an action for injunctive relief under Section 16 of the Clayton Act. Title 15, U.S.C., Section 26. Although Section 16 is broader than Section 4 in that it does not require an injury to "business or property", in order to achieve standing under Section 16 a plaintiff must demonstrate a loss or injury cognizable in equity proximately resulting from the alleged antitrust violation. See *Hawaii v. Standard Oil Company of California,* supra, 405 U.S. at 260–62, 92 S.Ct. at 890, 31 L.Ed.2d at 191–92; *Zenith Radio Corp. v. Hazeltine Research,* 1969, 395 U.S. 100, 130, 89 S.Ct. 1562, 1580, 23 L.Ed.2d 129, 152; *Jeffrey v. Southwestern Bell,* 5 Cir. 1975, 518 F.2d 1129, 1132; *Credit Bureau Reports, Inc. v. Retail Credit Co.,* 5 Cir. 1973, 476 F.2d 989. Leaving aside the alleged damage to the residential condominium unit owners the appellant-association has not alleged and we do not apprehend any damage cognizable in law or equity sufficient to confer standing to sue upon Buckley even under the eased requirements of Section 16.[3]

---

**3.** The decision of the Supreme Court as to the standing of certain organizations and associations to attack zoning ordinances and other actions of town boards, in *Warth v. Seldin,* 1975, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343, is inapposite here. The Court in *Warth* held that an association may have standing as the representative of its members even in the absence of injury to itself, but the association must allege that its members are suffering or threatened with injury as a result of the chal-lenged action of the sort that would make out a justiciable case had the members themselves been parties to the suit. *Id.* 422 U.S. at 509–13, 95 S.Ct. at 2211–12, 45 L.Ed.2d at 361–62. This holding was limited, moreover, by the statement that the association must show that "the nature of the claim and of the relief sought does not make the individual participation of each injured party indispensable to proper resolution of the cause . . . ." *Id.*

■ Finally, we hold that the district court did not abuse its discretion in denying the appellant's motion to amend its complaint and add or join parties plaintiff, in light of the commencement of a second action alleging substantially the same claims brought by the appellant and by an individual condominium unit owner on behalf of all residential unit owners at the Buckley Towers Condominium. *Ignatz Spitz, etc., et al. v. Herbert Buchwald, etc., et al.,* S.D.Fla., 75–1549–CIV–JLK. *Cf. Miller v. Granados,* 5 Cir. 1976, 529 F.2d 393.

AFFIRMED.