**BURLEIGH HOUSE CONDOMINIUM, INC., a non profit Florida Corporation, on behalf of itself and its membership, Plaintiff-Appellant,**

v.

**Herbert BUCHWALD, Individually, and as Trustee, and Burleigh House, Inc., a Florida Corporation for profit, Individually, jointly and severally, Honorable Robert Shevin, as Representative of the State of Florida, Defendants-Appellees.**

No. 76–1847.

United States Court of Appeals, Fifth Circuit.

Jan. 26, 1977.

Rehearing Denied Feb. 24, 1977.

Joseph S. Paglino, Miami, Fla., for plaintiff-appellant.

Darrey A. Davis, Miami, Fla., for defendants-appellees.

Before GEWIN, GEE and FAY, Circuit Judges.

PER CURIAM:

Appellant, Burleigh House Condominium, Inc., a non-profit Florida condominium as-

---

sociation, brought this action on behalf of itself and its membership against the developer, Burleigh House, Inc., and Herbert Buchwald, Trustee of the Burleigh House Condominiums for alleged violations of the Sherman Act, 15 U.S.C. §§ 1 and 2. This cause went to trial and, at the close of the evidence offered by appellant, the district court granted appellee's motion for directed verdict. The condominium association appealed on several grounds but we will not reach those issues. This Court's primary concern is whether or not the condominium association has standing to sue as a real party in interest under 15 U.S.C. § 15. This question was raised by the appellees in their motion to dismiss filed March 4, 1975 which the district court denied.

In a case with remarkably similar facts and issues this court held that a condominium association lacks standing to maintain an action under the antitrust statutes. *Buckley Towers Condominium, Inc. v. Buchwald,* 533 F.2d 934 (5th Cir. 1976).

Therefore, we vacate the judgment of the trial court and remand for entry of an order of dismissal.