Ignatz SPITZ, Individually and on behalf of all residential unit owners at the Buckley Towers Condominium and Buckley Towers Condominium, Inc., a non-profit Florida condominium corporation, Individually and on behalf of its membership, Plaintiffs-Appellants,

v.

Herbert BUCHWALD, Individually and as Trustee, and Buckley Development Co., Ltd., Individually, jointly and severally, Defendants-Appellees.

No. 76–1848.

United States Court of Appeals,
Fifth Circuit.

May 9, 1977.

Joseph S. Paglino, Miami, Fla., for plaintiffs-appellants.

Darrey A. Davis, Miami, Fla., for defendants-appellees.

Before GEWIN, GEE and FAY, Circuit Judges.

GEE, Circuit Judge:

Ignatz Spitz, individually and on behalf of all residential unit owners at the Buckley Towers Condominium, appeals the district court's dismissal of his antitrust action as barred by the statute of limitations. The district court relied on its recent ruling in precisely the same issue in *Imperial Point Colonnades Condominium, Inc. v. Mangurian*, 407 F.Supp. 870 (S.D.Fla.1976). In *Imperial Point* the district court held that plaintiffs' antitrust claims accrued when they signed the contract creating the alleged tying arrangement. Rejecting plaintiffs' argument that a cause of action accrued each time they paid rental on recreational facilities allegedly tied illegally to the sale of the condominium, the district court held that the four-year statute of limitations found in 15 U.S.C. § 15b (1970)[1] barred the plaintiffs'. antitrust claim. Bound by that precedent, the district court

dismissed. Our reversal of the *Imperial Point* decision in *Imperial Point Colonnades Condominium, Inc. v. Mangurian*, 549 F.2d 1029 (5th Cir. 1977), requires reversal here.

Spitz's action, individually and on behalf of other Buckley Towers Condominium owners, arose as an afterthought to the antitrust suit brought by the Buckley Towers Condominium, Inc., an association of Buckley Towers condominium owners. After the district court ruled on July 31, 1975, that the condominium association lacked standing to bring an antitrust suit, Spitz filed his class action on August 6, 1975, alleging the same antitrust claims. We affirmed the district court's ruling that the condominium association lacked standing, see *Buckley Towers Condominium Inc. v. Buchwald*, 533 F.2d 934 (5th Cir. 1976), cert. denied, —— U.S. ——, 97 S.Ct. 1157, 51 L.Ed.2d 571 (1977), so the class action presents the last antitrust challenge to the Buckley Towers' sales activities.

The specifics of the class action's underlying antitrust claim are more fully described in our opinion in *Buckley Towers Condominium, Inc. v. Buchwald*, 533 F.2d 934 (5th Cir. 1976), cert. denied, —— U.S. ——, 97 S.Ct. 1157, 51 L.Ed.2d 571 (1977). In short, the complaint alleges a tying arrangement in the purchase of Buckley Towers Condominiums: a purchaser of a Buckley Towers Condominium unit was required to agree to the terms of a recreation lease requiring rental payments for 99 years on exclusive recreational facilities in the condominium. A lien on the purchased unit secured these rental payments. Plaintiffs allege that the tying arrangement is a violation of Sherman Act §§ 1 and 2, 15 U.S.C. §§ 1 and 2 (1970). The class action seeks damages un-

---

1. § 15b. Limitation of actions

Any action to enforce any cause of action under sections 15 or 15a of this title shall be forever barred unless commenced within four years after the cause of action accrued. . .

Section 15, 15 U.S.C. § 15 (1970), provides for private causes of action for damages based on violations of the antitrust laws:

§ 15. Suits by persons injured; amount of recovery

Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee.

der 15 U.S.C. § 15 (1970), injunctive relief under 15 U.S.C. § 26 (1970),[2] and cancellation and rescission of the recreational lease.

The trial court dismissed the class action because it was based on activities and transactions occurring outside the four-year statute of limitations for antitrust actions found in 15 U.S.C. § 15b (1970). In particular, Spitz himself bought his condominium on February 25, 1969, and the defendants sold the last condominium offered for public sale on April 8, 1971. The August 6, 1975, action was filed more than four years after either of those events. We have held in this factual context, however, that elements of plaintiffs' cause of action continue to accrue as defendants collect or increase the amount of rent under a contract either unlawful of itself or the product of an unlawful conspiracy. *Imperial Point Colonnades Condominium, Inc. v. Mangurian,* 549 F.2d 1029 (5th Cir. 1977). Thus, the statute of limitations does not bar plaintiffs' claims accruing within four years of the filing of the cause of action. Of course, we neither hold nor indicate any view on the merits of the plaintiffs' claims.

REVERSED.

**2. § 26. Injunctive relief for private parties; exception**

Any person, firm, corporation, or association shall be entitled to sue for and have injunctive relief, in any court of the United States having jurisdiction over the parties, against threatened loss or damage by a violation of the antitrust laws . . . when and under the same conditions and principles as injunctive relief against threatened conduct that will cause loss or damage is granted by courts of equity, under the rules governing such proceedings, and upon the execution of proper bond against damages for an injunction improvidently granted and a showing that the danger of irreparable loss or damage is immediate, a preliminary injunction may issue . . . .
15 U.S.C. § 26 (1970).