BUCKLEY TOWERS CONDOMINIUM, INC., a Non-Profit Florida condominium corporation, Plaintiff-Appellant,

v.

Herbert BUCHWALD, Individually and as Trustee, et al., Defendants-Appellees.

No. 78–3446
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 17, 1979.

Joseph S. Paglino, Miami, Fla., for plaintiff-appellant.

Darrey A. Davis, Miami, Fla., for Buchwald.

Jim Smith, Atty. Gen., Thomas M. Pflaum, Asst. Atty. Gen., Tallahassee, Fla., for defendants-appellees.

Before CLARK, GEE, and HILL, Circuit Judges.

PER CURIAM:

This civil rights suit pursuant to 42 U.S.C. § 1983 is a spin-off of protracted litigation in our courts and those of the

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

State of Florida. Appellant lessees first initiated litigation in state court in 1970, seeking to void a recreational facility lease, permissible under Florida statutes, that they were required to sign when buying condominiums from appellee lessor. The parties signed a court-approved settlement in which lessees affirmed the lease provisions.

In 1974, lessees again challenged the lease in state court. They were denied relief. Concurrently, lessees brought a civil rights action in federal court, seeking to enjoin the state court ruling. The district court dismissed the action because state litigation was pending. Lessees then filed an antitrust action in federal court. That case was dismissed for lack of standing. This court affirmed on appeal. *Buckley Towers Condominium, Inc. v. Buchwald*, 533 F.2d 934 (5th Cir.), *cert. denied*, 429 U.S. 1121, 97 S.Ct. 1157, 51 L.Ed.2d 571 (1976). Lessees then filed a second antitrust suit with appropriate parties. The district court dismissed this action on limitations; this court, however, reversed. *Spitz v. Buchwald*, 551 F.2d 1051 (5th Cir. 1977). The action is now pending in federal district court.

Following dismissal of the first antitrust and civil rights suits, appellee-lessor filed suit in state court seeking attorney's fees for successful defense of both suits. The lease agreement provides for attorney's fees expended in an effort to enforce the lease. Lessees challenged the jurisdiction of the state court to construe antitrust matters and asserted that federal policy against awarding fees to successful antitrust defendants prohibited recovery. Lessees also unsuccessfully sought a stay of the action from the federal district court. The state court, appellee Judge Silver presiding, granted summary judgment for the lessor. The opinion recognized the federal policy against awarding fees for defending antitrust suits but noted that this policy did not purport to limit private agreements for the payment of such fees. Lessees have not appealed this state court decision; however, there apparently has not been a final determination of the amount of the fees.

In the instant suit, lessees sought to have the state proceedings enjoined, alleging that appellees' actions in state court discriminated against them in comparison with other unsuccessful antitrust plaintiffs. They sought money damages from lessor and injunctive relief against the state judge and the state attorney general, who was named as a "nominal" defendant. The district court dismissed the action for lack of jurisdiction because there was no state action, ruling that appellants in effect sought to have a federal court review and reverse a state court decision. The district court also dismissed the action as to the attorney general because no claim of any sort was alleged against him. We affirm.

 We have no general power to supervise state court proceedings or to correct errors of law that may occur from time to time in their course. Though in form a civil rights suit, this action in fact seeks review and reversal of a state trial court judgment that may well not even be final. Appellants may present their constitutional and other claims grounded in federal law to the state courts. That these cannot adjudicate federal antitrust suits does not mean that they cannot determine whether federal law pre-empts the state contract action in the course of adjudicating that state claim. If, in the event, they err, appellant's remedy is in the United States Supreme Court, not here. As for appellant's claim that the very process of litigating in state courts "chills" their right to pursue antitrust actions in federal courts, the Civil Rights Acts do not provide a remedy against unfounded or even malicious claims or suits in state courts. *Beker Phosphate Corp. v. Muirhead*, 581 F.2d 1187, 1189 (5th Cir. 1978).

 Defendant-appellees seek attorney's fees for defending this appeal. These they may have only if the appeal is frivolous, groundless, brought in bad faith, or the like. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Though this case and the appeal exhibit some anomalous aspects, we cannot say that it is insincere or entirely meritless. The request is therefore denied.

AFFIRMED.