782 F.2d 1042
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOY L. HARGROVE, Plaintiff-Appellant
v.
CITY OF SAGINAW, a municipal corporation, Defendant-Appellee.
 85-1042
 United States Court of Appeals, Sixth Circuit.
 12/19/85
 
 Before: MARTIN and CONTIE, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Joy Hargrove challenges the constitutionality of Saginaw City Charter Section 91, which reads as follows:
 
 
 2
 No person in default to the city shall be eligible for election or appointment to any city office. No officer or employee shall hold any renumerative or elective or appointive office outside of city government except notary public or supervisor. No officer or employee shall be a candidate for any elective office or a member of any committee or similar organization of any political party or participate actively in partisan politics, except that a councilman may be a candidate to succeed himself.
 
 
 3
 Hargrove, a member of Saginaw City Council, was removed from her position by a City Council vote in July, 1984 because of her candidacy for the Saginaw County Board of Commissioners. The City of Saginaw brought a Quo Warranto action in Saginaw Circuit Court, which was dismissed as premature. After the lower court opinion in this case was issued, the city again filed suit in Saginaw Circuit Court, but that suit has been stayed pending the outcome of this appeal.
 
 
 4
 In the lower court, Hargrove sought a declaratory judgment and injunctive relief against the City of Saginaw only, claiming in essence that section 91 was unconstitutionally overbroad in violation of the first amendment. The lower court severed the provision of section 91 restricting participation in partisan political activities, but upheld the section in all other respects. The court below also denied Hargrove's motion to amend her complaint by adding additional defendants, holding that the equal protection claim forming the basis for the motion was not raised either in Hargrove's complaint or her motion to amend the complaint.
 
 
 5
 In this action, Hargrove appeals the district court's denial of her motion to amend her complaint in order to join individual council members as additional defendants. Hargrove claims that the denial of this motion prevented the district court from reviewing her equal protection claim. Hargrove argues that the city selectively enforced the charter provision. This claim was not considered by the district court, which determined that it was not properly raised. Hargrove also contends that the district court improperly severed the charter provision, arguing that the entire section is unconstitutional on its face. Finally, Hargrove requests an award of costs and attorney's fees under 42 U.S.C. Secs. 1983 and 1988.
 
 
 6
 Our review of the district court's denial of Hargrove's motion to amend is governed by an abuse of discretion standard. Estes v. Kentucky Utilities Co., 636 F.2d 1131, 1133 (6th Cir. 1983). Under Rule 15(a), Fed. R. Civ. P., judges are directed to grant leave to amend pleadings freely 'when justice so requires.' The requirement of judicial approval, however, suggests that leave to amend is not to be granted automatically. For example, in Harkless v. Sweeny Ind. School Dist., 554 F.2d 1353 (5th Cir. 1977), cert. denied, 434 U.S. 966 (1978), the Fifth Circuit upheld the trial court's denial of plaintiffs' motion to amend their complaint to add individual defendants in their nonofficial capacities because of the undue prejudice it would cause the defendants. Additionally, Rule 15(a) 'do[es] not require that courts indulge in futile gestures.' DeLoach v. Woodley, 405 F.2d 496, 497 (5th Cir. 1968).
 
 
 7
 Although counsel argued the issue forcefully on appeal, no equal protection claim was presented in the original or proposed amended complaint. The court below therefore did not abuse its discretion in determining that 'nothing could be gained by the amendment because in their capacities as council-persons [the individual defendants] are bound by the substance of this opinion. The plaintiff is entitled to no other relief and the defendant seeks none.' In addition to the futility of the amendment, clearly the district court could also have based its denial on the substantial prejudice to the defendants that would undoubtedly have resulted had the amendment been allowed. Buckley Towers Condominium, Inc. v. Buchwald, 533 F.2d 934 (5th Cir. 1976), cert. denied, 429 U.S. 1121 (1977). For these reasons, we decline to address the merits of the plaintiff's equal protection argument. We do agree with the district court's observation that the denial is without prejudice to the assertion of equal protection and other claims in the pending state court action.
 
 
 8
 Hargrove also contends that section 91 is facially unconstitutional, and that severance is therefore improper. The district court severed the portion of the section prohibiting participation in all partisan activity, as permitted by section 109 of the City Charter of Saginaw. The remaining portion of section 91, prohibiting an officer or employee from being a candidate for any elective office or a member of any committee or similar organization of any political party, was left intact. The city does not challenge the validity of the severance but maintains that the remaining provisions of section 91 are constitutional.
 
 
 9
 Hargrove, as one to whom the section could indusputably be applied, cannot now challenge section 91 as overbroad. Clements, 457 U.S. 972, n.6; Broadrick, 413 U.S. at 612-16. We therefore move to consideration of Hargrove's next argument, the validity of section 91 after the district court's severance of the restriction on participation in partisan political activity.
 
 
 10
 The Supreme Court has repeatedly noted the important state interests which may form the basis for some limitations on the political activity of government employees. See Clements v. Fashing, 457 U.S. 957 (1982); CSC v. Letter Carriers, 457 U.S. 957 (1982); Broadrick v. Oklahoma, 413 U.S. 601 (1973); United Public Workers v. Mitchell, 330 U.S. 75 (1947).
 
 
 11
 On this basis, this Court believes that the automatic resignation provision of the Saginaw City Charter is constitutional. The government's interests in such provisions have repeatedly been held to outweigh litigants' interests in candidacy. Clements, 457 U.S. at 971. The city cites to several reasons for the provision, including ensuring that an officeholder 'will neither abuse his position nor neglect his duties because of aspirations for higher office.' Clements, 457 U.S. at 968. This risk, as well of the risk of the appearance of such abuse, provides a rational basis for the charter section. The City of Saginaw may constitutionally further these important state interests by prohibiting its officeholders from running for another office before the end of their term.
 
 
 12
 We affirm the judgment of the district court, and deny Hargrove's request for attorney's fees.