**Ronald LIEDEL and Elizabeth Liedel, Plaintiffs,**

v.

**The JUVENILE COURT OF MADISON COUNTY, ALABAMA and The Alabama Department of Human Resources, Defendants.**

**No. CV 89–HM–5069–NE.**

United States District Court, N.D. Alabama, Northeastern Division.

March 2, 1989.

---

E. Ray McKee, Jr., Huntsville, Ala., for plaintiffs.

No appearance for defendants.

1. Attached to such motion are 26 attachments represented by plaintiffs to constitute all the

## MEMORANDUM OF DECISION

HALTOM, District Judge.

The above entitled civil action brought by plaintiffs Ronald Liedel and Elizabeth Liedel against defendants The Juvenile Court of Madison County, Alabama and The Alabama Department of Human Resources on February 14, 1989 and dismissed by this Court that same date without prejudice for lack of subject matter jurisdiction is before the Court once again upon *MOTION TO ALTER, AMEND OR VACATE JUDGMENT*[1] filed by plaintiffs on February 23, 1989 pursuant to Rule 59(e), Fed.R.Civ.P.

The Court has carefully reviewed plaintiffs' Rule 59(e) motion and attachments thereto and has further re-visited plaintiffs' complaint and re-analyzed its allegations.

On December 1, 1987 the Madison County, Alabama Department of Human Resources [through one of its social workers] filed verified Petition in the Juvenile Court of Madison County, Alabama in that certain cause entitled *"In the Matter of Charles Sullivan, a child"* and designated JV 87–1381. The Petition alleged: [1] That the address of the child was 2703 Woodview Drive, Huntsville, Alabama 35801; [2] that the child's father was unknown; [3] that the child's mother was Elizabeth Lidell of the same address as the child; and [4] that the guardianship custody, control and supervision of the child was vested in the mother. The Petition further alleged that the child was *dependent* in that

the Department has received four founded reports of abuse, both physical and emotional, regarding this child since March, 1987. The stepfather, Ronald Lidell, has physically and emotionally abused this child on several occasions, the most recent of which occurred on or about Monday, November 30, 1987, when it was reported to the Department that the stepfather twisted the child's arm and squeezed his hand so hard it left bruises.

Apparently the child is a slow learner and the stepfather consistently refers to

relevant record from the Juvenile Court proceeding referred to in plaintiffs' complaint.

him as "Retard". The stepfather also sets unrealistic and unattainable goals for the child and the child is punished when these goals are not met. The child has been punished for leaving a scrap of paper on the floor, for raking the leaves in the yard the wrong way, and for not achieving straight A's on his report cards.

The Petition contained the following prayer for relief:

█ that the Court appoint a Guardian ad Litem, who is an attorney, to represent the said child; and that summons issue pursuant to law and rules of Court to the said child and to the said parents, guardian, or other custodian, and such other persons as appear to the Court to be proper or necessary parties to the proceedings, requiring them to appear personally before the Court at the time fixed to answer or testify as to the allegations herein.

█ that the Court grant temporary custody of the said child to the Madison Count [sic] DEPARTMENT OF HUMAN RESOURCES and that the Court grant such additional relief as the needs of justice may require for the best interests of the said child; and

█ that the Court will grant temporary custody of the said child to the Madison County DEPARTMENT OF HUMAN RESOURCES and that the Court grant relief to this Department by ordering the parent(s) to contribute to the cost of said child's care and grant such additional relief as the needs of justice may require for the best interest of the said child.

On the same day the Petition above referenced was filed the Circuit Court Clerk in and for Madison County, Alabama issues preprinted *NOTIFICATION TO RIGHT TO COUNSEL* in the above styled juvenile proceeding [In Re: The Matter of Charles Sullivan] addressed to Elizabeth Lidell at the address above set out which notified Elizabeth Lidell as follows:

You are hereby notified that there is a juvenile dependency case in progress which involves your rights in regard to your children. Pursuant to Code of Alabama, Section 12–14–63, you as the parent, guardian or custodian of the above referenced children, have the right to be represented by counsel and are further given notice as follows:

1. You have the absolute right to be represented by an attorney in this case.

2. Your children will be represented by a guardian ad litem who is a licensed attorney. Your children's attorney does not represent you.

3. If you are financially unable to retain an attorney and you want to be represented by an attorney, one will be appointed for you without charge. Should you desire to have an attorney appointed, please see Mr. Billy D. Harbin, Circuit Court Clerk; Madison County Courthouse, Huntsville, Alabama.

Temporary Custody Hearing was set on the Petition for January 5, 1988 at 2:00 p.m.

On December 16, 1988 the Madison County Department of Human Resources filed Motion For Psychological Examination in the above styled cause moving the Court to order a psychological examination of Ronald Liedell, the stepfather of the child, alleging in support thereof the following:

1. The Petition of the Department alleges that the step-father, Mr. Ronald Liedell, has physically and emotionally abused the above named child and that he has exhibited inappropriate and strange methods and reasons for enforcing discipline on his step-child.

2. The Department has requested Mr. Liedell to submit to a psychological examination and counseling, if necessary, and Mr. Liedell has agreed to submit to such examination but has not yet done so.

3. The Department has arranged an appointment date for the psychological examination of Mr. Liedell on Tuesday, December 22, 1987, at 1:00 o'clock p.m. before Dr. Steven Guerin, or other licensed psychologist, at the SouthPark Clinic, 7501 Memorial Parkway SW, Huntsville, Alabama (882–0317).

4. A Temporary Custody Hearing has been set on the Petition filed by the Department for January 5, 1988, at 2:00 p.m. Any further delay in the obtaining of the psychological examination of him is the best evidence to determine Mr. Liedell's fitness to continue as the custodian of the child and to determine what counseling or therapy, if any, is needed by Mr. Liedell to modify his discipline and behavior to and with the child.

5. The Department further alleges that such predisposition study and report of the psychologist to the Court is relevant and necessary for proper disposition of the case.

Wherefore, the premises considered, the Madison County Department of Human Resources prays that the Court will issue it's [sic] Order to Mr. Ronald Liedell ordering him to appear at the South-Park Clinic on Tuesday, December 22, 1987 at 1:00 o'clock p.m. for his examination by Dr. Steven Guerin or other licensed psychologist thereat.

Order was entered by the Juvenile Court Judge on December 16, 1988 in the above styled cause directing and requiring Ronald Liedell to appear and submit to a psychological examination on December 22, 1987 at time and place and by psychologist specified therein. Copy of Motion For Psychological Examination, accompanying Order and explanatory letter dated December 18, 1987 from legal counsel for the Madison County Department of Human Resources was served upon Ronald Liedell, 2703 Woodview Drive, Huntsville, Alabama 35801, by United States mail, postage prepaid, on or about December 19, 1987.

Affidavit of Indigency was filed in the above entitled cause by Elizabeth Liedel on January 5, 1988 and denied by the Judge of the Juvenile Court of Madison County, Alabama on the same date for the following entered reasons: "Denied based on incomplete and inaccurate information given by applicant."

Guardian Ad Litem was appointed for the child by the Juvenile Court of Madison County, Alabama on January 2, 1988.

By order entered on January 11, 1988 this juvenile court proceeding was set for [further] hearing on January 26, 1988 at 9:00 A.M.

The above styled cause came on to be heard in the Juvenile Court of Madison County, Alabama on January 26, 1988. Present for the hearing were: Elizabeth Liedel, the mother of the child; Ronald Liedel, the step-father of the child; Charles Sullivan, the child, with his guardian ad-litem Lynn Sherrod [a practicing and duly licensed attorney]; and Margaret Milde of the Madison County Department of Human Resources represented by Attorney L. Thomas Ryan, Jr.

Following presentation of evidence at such hearing and on January 26, 1988 the Juvenile Court of Madison County, Alabama entered order reading and providing as follows:

Prior to the hearing of this case on January 5, 1988, the court, in open court, explained to Elizabeth Liedel, the mother of said child, her rights to legal counsel in this cause, including the right to appointed counsel if she was unable to afford the same. The court's examination of the said Elizabeth Liedel on this point is a part of the records of these proceedings. The court declined to appoint counsel based upon what the court perceived to be incomplete and inaccurate information given by the said Elizabeth Liedel under the instructions of her husband, Ronald Liedel who was present at the time. It is the judgment of the court that Ronald Liedel, by his appearance in court and by his participation in these proceedings, has made himself a party to these proceedings. In fact, the court makes the observation that Ronald Liedel vitually [sic] assumed the role of legal counsel for his wife in this case and by his own actions assumed the role of a party. He is, therefore, bound by the terms of this order.

Before proceeding to hear testimony in this cause the court explained the nature of the proceedings, the burden of proof, and the rights of the parties to those present. The court finds that it has jur-

isdiction of the subject matter of this case and that all parties are properly before the court.

Based upon clear and convincing evidence, competent, relevant and material in nature, the court finds that Charles Sullivan is a dependent child. The court further finds that it is in the best interests of said child for him to be placed in the temporary legal custody in the Madison County Department of Human Resources, subject to certain conditions hereinafter set forth. It is, therefore, ORDERED, ADJUDGED and DECREED that Charles Sullivan be, and he is hereby, placed in the temporary legal custody of the Madison County Department of Human Resources, subject to the following conditions:

1. Ronald Liedel, Elizabeth Liedel and Charles Sullivan will immediately undertake to obtain family counseling from a licensed psychologist or licensed professional counselor to be approved by the Madison County Department of Human Resources. No later than 21 days from the date of this order Ronald Liedel and Elizabeth Liedel will submit to the court a written plan devised by the psychologist or counselor so selected outlining a schedule of proposed counseling sessions to be attended by them and Charles Sullivan, which counseling sessions shall be no less frequent than biweekly. Such psychologist or counselor shall provide the court on a monthly basis with a written report concerning the progress of this family in therapy and any recommendations which the therapist has with respect to the family. All expenses of such therapy shall be borne by Ronald Liedel.

2. Pending further orders of the court Charles Sullivan shall remain in the legal custody of his mother, Elizabeth Liedel.

3. The Madison County Department of Human Resources will take all necessary action to insure compliance with this order and, in addition, will cause one of its representatives to have a conference with the principal of the school attended by Charles Sullivan at least once monthly between now and the end of the 1987–88 school year.

4. The court will further review matters pertaining to the custody of said child in July of 1988.

Court costs of these proceedings, including the fees of the guardian ad litem for Charles Sullivan are taxed to Elizabeth Liedel and Ronald Liedle [sic].

Under date of February 10, 1988 Ronald Liedel filed in the above styled cause his *Motion To Alter, Amend or Vacate Judgment* assigning as grounds thereof the following:

1. The Petitioner, Ronald Liedel, is not a parent or legally obligated to care for or support the minor, Charles Sullivan.

2. The Petitioner was not accorded due process in that he has never been served with a summons, complaint or made a party to any proceeding, nor has he had the benefit of any hearing to assign or adjudicate any of his rights.

3. Even if Ronald Liedel had been served with a summons, the Orders of this Court would be void since the Juvenile Court has no jurisdiction nor any legal basis for obtaining jurisdiction of the person of Ronald Liedel.

4. Ronald Liedel cannot waive Service of Summons by appearance at the hearing of this cause, because he was never made a party to the action and furthermore there is no legal basis for making Ronald Liedel a party to the action.

5. The Order of this Court is void as a matter of Law.

By order entered on February 11, 1988 the Juvenile Court of Madison County, Alabama denied the motion above referenced.

Under date of September 12, 1988 the following Order was entered by the Juvenile Court in the above styled juvenile proceedings:

The court will review matters pertaining to the custody of the above named child on October 4, 1988, at 9:00 a.m. At least 7 days prior to the date of said hearing the Madison County Department of Human Resources will submit to the

court a written report pertaining to said child, such report to include but not be limited to the following: the child's school report care [sic] for the school year 1987–88; results of conferences with teachers and other school officials since the last court hearing; compliance by Ronald Liedel and Elizabeth Liedel with the order of this court dated January 28, 1988; and any other matters realted [sic] to the welfare and treatment of said child.

Prior to the hearing on October 14, the guardian ad litem will submit to the court for approval her fee declaration for all services rendered and all expenses incurred to the date of said hearing.

Ronald Liedel and Elizabeth Liedel, at least 7 days prior to said hearing, will submit to the court, the Department of Human Resources, and the guardian ad litem, a plan of family therapy suggested and approved by Steven H. Guerin of South Park Clinic. Ronald Liedel and Elizabeth Liedel are ordered to make an appointment for themselves and Charles Sullivan to see Steven H. Guerin, marriage and family therapist, no later than September 16 for the purpose of arranging evaluations necessary for the formulation of a plan of family therapy.

By Order entered on February 10, 1989 by the Madison County, Alabama Juvenile Court Elizabeth Liedel and Ronald Liedel were directed to present themselves at specified courtroom in the Madison County Courthouses on February 24, 1989 at 10:00 A.M. for purpose of reporting to the Court on their compliance with all outstanding Court orders in the case.[2]

Counsel of record for plaintiffs has submitted to this Court in support of plaintiffs' *Motion To Alter, Amend or Vacate Judgment* the following *Statement of Facts* [Attachment 26] which purports to be from the Reporter's Transcript:

This case came before Judge Hartwell B. Lutz on January 5, 1988 at which time both Mr. and Mrs. Liedel were present. The court identified Mrs. Liedel as the mother of the child and Mr. Liedel as the

child's stepfather. (Reporter's Transcript [hereinafter "RT"] 2–3.) The court noted, without objection or denial by Mr. and Mrs. Liedel, that both Mr. and Mrs. Liedel had copies of the petition and offered to read the petition at length. (RT 4.) The court explained to Mr. and Mrs. Liedel that the burden to prove dependency was on the Department of Human Resources. (RT 4.)

*The court then stated for the record that Mrs. Liedel was the natural mother of the child and that Mr. Liedel was not a party,* in the sense that if the child was removed from the Liedels' custody it would be an act of removing the child's legal custody from Mrs. Liedel only, as there was no indication that Mr. Liedel had been awarded legal custody of the child. (RT 5.) *The court also, in response to a statement of Mrs. Liedel that Mr. Liedel did not choose to hire an attorney, pointed out to Mrs. Liedel that she was the party to the proceeding rather than Mr. Liedel* and that the decision as to legal representation was hers. However, the court then immediately pointed out that Mr. Liedel as the stepfather of a child living in his home was entitled also to be heard in the case. (RT 5–6.) The court again pointed out that Mrs. Liedel was the one who had the right as far as legal representation and that although it was reasonable for her to consult with her husband, the court thought it was her decision, as Charles was her child. (RT 6, 8.) Because Mrs. Liedel indicated that she did desire an attorney and because the guardian ad item [sic] had not had the opportunity to talk with Charles, the case was continued in order to allow Charles and his mother to receive appropriate legal counsel. (RT 6–7, 8.)

The case came on for hearing again before Judge Lutz on January 26, 1988. Again, both Mr. and Mrs. Liedel were present. (RT 9–10.) Mr. Liedel was allowed to participate, at his request, in cross-examining witnesses at the hearing. (RT 32.) As well, Mr. Liedel was

**2.** Plaintiffs commenced their civil action in this Court on February 14, 1989.

allowed to call witnesses and to interrogate them on issues relevant to the matters before the court. (RT 142.)

Attachments 6, 22, 24, 25 and 26 to plaintiffs' Rule 59(b) motion show that Madison County District Judge Hartwell B. Lutz [in his capacity as one of the two Madison County, Alabama District Judges who serve and act as a judge of The Juvenile Court of Madison County, Alabama [3]] was the juvenile court judge who presided over the juvenile proceedings and who entered the juvenile court orders about which plaintiffs here complain.

■ The Court notes of record that Judge Lutz has absolute judicial immunity with respect to the monetary claims for relief herein asserted by plaintiff Ronald Liedel in Count One, *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), and that the state agency defendant [4] clearly has Eleventh Amendment immunity with respect thereto. *Pennhurst State School v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Quern v. Jordan,* 440 U.S. 332, 342, 99 S.Ct. 1139, 1145–46, 59 L.Ed.2d 358 (1979) [holding that 42 U.S.C. § 1983 does not override States Eleventh Amendment immunity].

Since plaintiff Ronald Liedel claims no other relief except costs of this action and attorney's fees [to which he is not entitled] and "such other and further relief as to which the Court may seem proper" [to which he has no entitlement under the facts alleged in Count One] it would appear that his Count One suit for relief is frivolous [5] unless his Count One application for temporary restraining order ["restraining the ... Juvenile Court of Madison County, Alabama, from depriving him of property or liberty pending the final hearing in this cause"] and his Count One prayer for permanent injunctive relief ["enjoining said court *from enforcing all previous orders of the Juvenile Court as it pertains to Plaintiff Ronald Liedel and also enjoining said Court from issuing any further orders which pertain to Plaintiff Ronald Liedel."*] breathe some federal issue viability back into his pleading (emphasis supplied). However, no aspect of the injunctive relief sought by plaintiff Ronald Liedel against "The Juvenile Court of Madison County, Alabama" in Count One can be characterized as "prospective injunctive relief against a judicial officer acting in his judicial capacity", *Pulliam v. Allen,* 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984).[6] Moreover, a federal court plaintiff does not have standing to obtain injunctive relief unless he/she shows a "real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury." There must be a realistic threat of future harm. *Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).

Count Two of the complaint is asserted by plaintiff Elizabeth Liedel only. In Count Two this plaintiff alleges purported due process violations by the defendant The Juvenile Court of Madison County, Alabama *but not by the defendant state agency* except in one instance [and then frivolously]. These alleged due process violations are as follows:

¶ 17: Defendant DHR filed motion for psychological examination of Ronald Liedel *without notice to her* [frivolous].

¶ 18: On or about 12–16–87 the Juvenile Court entered order that Ronald Liedel undergo a psychological examination *without a hearing.*

---

3. This Court has judicial knowledge of these facts.

4. A department of the State of Alabama organized and existing under the provisions of §§ 38–2–1 through 38–2–13, Code of Alabama 1975, as amended.

5. Black's Law Dictionary, 5th ed. 1979, at p. 601, defines the word *"frivolous"* as follows: "Of little weight or importance. A pleading is "frivolous" when it is clearly insufficient on its face ..."

6. Count One seeks no injunctive relief against The Alabama Department of Human Resources. The Court is here treating the defendant designated as "The Juvenile Court of Madison County, Alabama" as if such defendant designation had been corrected to read "Judge Hartwell B. Lutz in his official capacity as Judge of the Juvenile Court of Madison County, Alabama."

¶ 19: Juvenile Court *refused to appoint an attorney for her at hearing* of DHR Petition [attachments 13 and 22 show that Elizabeth Liedel's request for attorney was denied based on incomplete and inaccurate information given by applicant to the Court under instructions given by her husband who was present at the time].

¶ 20. At the January 26, 1987 hearing on DHR's Petition Juvenile Court admitted testimony regarding the psychological examination of Ronald Liedel. Court further allowed Ronald Liedel, a lay person, to act as attorney for Elizabeth Liedel.

¶ 21. Juvenile Court willfully and with intent to deprive her of due process failed to recognize the undue influence of a husband upon a wife in allowing him to participate in the hearing and in failing to examine her separate and apart from her husband. Juvenile Court also allowed Ronald Liedel to participate in the hearing so it could manufacture a cause of action against him.

¶ 22. As a result of [foregoing] Elizabeth Liedel has had custody of her child taken from her, has been ordered to pay costs of suit, has been ordered to pay guardian ad litem fees and has been ordered to undergo psychological counseling.

### [DISCUSSION]

■ Though in form a civil rights suit, this action in fact seeks review and reversal of a state juvenile court judgment on a matter of the greatest delicacy, the welfare and best interest of a minor child who has allegedly been abused in the home of his mother and step-father. Plaintiffs [mother and step-father of such child] may present their constitutional and any other claims grounded in federal law to the state courts. If these state courts err, plaintiffs' remedy is in the United States Supreme Court, not in this United States District Court.[7] *Buckley Towers Condominium, Inc. v. Buchwald,* 595 F.2d 253, 254 (5th Cir. 1979).[8] Even a cursory review of the complaint here reveals that plaintiffs' suit in this Court is inextricably intertwined with the Juvenile Court decree and that much of the relief sought here is a modification and/or annulment of that decree. Thus, the purported constitutional claims here presented by this plaintiff mother and by this plaintiff step-father of the minor child whom the Juvenile Court of Madison County, Alabama and the Alabama Department of Human Resources sought to protect in JV 87–1381 in essence call upon this United States District Court to review the decisions of the state juvenile court. This the District Court cannot do. Judicial errors committed in state courts are for correction in the state court system, at the head of which stands the United States Supreme Court; such "errors" are of no business of this Court. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 n. 16, 103 S.Ct. 1303, 1314–15 n. 16, 75 L.Ed. 2d 206 (1983). See *Hale v. Harney,* 786 F.2d 688, 691 (5th Cir.1986).

■ While 42 U.S.C. § 1983 is an Act of Congress that falls within the "expressly authorized" exception of the federal anti-injunction statute, 28 U.S.C. § 2283,[9] *Mitchum v. Foster,* 407 U.S. 225, 242–43, 92 S.Ct. 2151, 2161–62, 32 L.Ed.2d 705 (1972), this acknowledged exception does not cause this Court to question or qualify the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding. *Id.* at 243, 92 S.Ct. at 2162.

---

7. The Civil Rights Acts do not provide a remedy against unfounded or even malicious claims or suits in state courts. *Beker Phosphate Corp. v. Muirhead,* 581 F.2d 1187, 1189 (5th Cir.1978).

8. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

9. 28 U.S.C. § 2283 provides: "A court of the United States may not grant an injunction to stay proceedings in a State small court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

**494**

Finally, this Court reaffirms its prior holding that the federal claims herein asserted by these plaintiffs are so insubstantial this Court has no subject matter jurisdiction with respect to this case. *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946); *Hagans v. Lavine,* 415 U.S. 528, 536–43, 94 S.Ct. 1372, 1378–1382, 39 L.Ed.2d 577 (1974).

An appropriate order will be entered denying plaintiffs' Rule 59(b) motion.

The Clerk of the Court is directed *not* to accept for filing any further pleadings by plaintiffs in this case, notice of appeal and documents related thereto excepted.

